LYNN H. PASAHOW (CSB No. 054283)
CHARLENE M. MORROW (CSB No. 136411)
PATRICK E. PREMO (CSB No. 184915)
FENWICK & WEST LLP
Silicon Valley Center, 801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

JAMES E. HOLST (CSB No. 34654)
JOHN F. LUNDBERG (CSB No. 42956)
P. MARTIN SIMPSON (CSB No. 122867)
UNIVERSITY OF CALIFORNIA
1111 Franklin Street, 8th Floor
Oakland, CA 94607
Telephone: (510) 987-9800
Facsimile: (510) 987-9757

Attorneys for Plaintiff
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

ORIGINAL FILED
DEC 16 2003
Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a California corporation,

Plaintiff,

v.

MICRO THERAPEUTICS, INC., a Delaware corporation, and DENDRON GmbH, a German corporation,

Defendants.

Case No. C03 05669 MEJ

COMPLAINT FOR PATENT INFRINGEMENT

(JURY TRIAL DEMANDED)


ADR

Plaintiff The Regents of The University of California ("The Regents") hereby alleges for its Complaint against defendants Micro Therapeutics, Inc. and Dendron GmbH as follows:

**PARTIES**

1. Plaintiff The Regents is a public, non-profit educational corporation organized and existing under the laws of the State of California, with central administrative offices located at 1111 Franklin Street, 12th Floor, Oakland, California.

COMPLAINT FOR PATENT INFRINGEMENT

2.  On information and belief, defendant Micro Therapeutics, Inc. ("MTI") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2 Goodyear, Irvine, California 92618. On information and belief, MTI develops, manufactures and markets medical devices for the treatment of neuro and peripheral vascular diseases.

3.  On information and belief, defendant Dendron GmbH ("Dendron") is a corporation organized and existing in Germany, with its principal place of business in Bochum, Germany.

4.  Dendron manufactures and distributes throughout Europe the Sapphire line of detachable coil delivery systems, which are used for the treatment of brain aneurysms. The Regents is informed and believes that MTI acquired Dendron in or about October 2002. On information and belief, defendants MTI and Dendron are currently engaged, or are completely prepared to engage, in the manufacture, importation, distribution and sale of the Sapphire productions in this district and elsewhere in the United States.

## SUBJECT MATTER JURISDICTION

5.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338. This action includes a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## VENUE

6.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400 in that The Regents has its principal places of business, and thus resides in, the Northern District of California, and a substantial part of the events giving rise to this action occurred in this judicial district.

## FIRST CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 5,122,136)

7.  This claim is made under the provisions of the patent laws of the United States, 35 U.S.C. §§ 271 *et seq.* The Regents incorporate by reference the allegations of paragraphs 1 – 6.

8.  On June 16, 1992, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,122,136 ("the 136 Patent"), entitled "Endovascular Electrolytically Detachable Guidewire Tip for the Electroformation of Thrombus in Arteries, Veins and Aneurysms,

Vascular Malformations and Arteriovenous Fistulas," to Guido Gugliemi and Ivan Sepetka. The Regents is the owner, by valid assignment, of all rights, title and interest in the '136 Patent.

9. Upon information and belief, Defendants have been, and currently are, directly and indirectly infringing the '136 Patent by manufacturing, using, importing, marketing, selling, reselling, offering for sale, and/or inducing others to use the Sapphire detachable coil products.

10. Defendants' acts of infringement are willful as Plaintiffs knew or should have known of the '136 Patent and that the Sapphire detachable coil products infringe the '136 Patent.

11. As a direct and proximate consequence of Defendants' infringement of the '136 Patent, The Regents has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which The Regents is entitled to relief. Pursuant to 35 U.S.C. § 284, The Regents is entitled to damages for infringement and treble damages.

## SECOND CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 5,354,295)

12. This claim is made under the provisions of the patent laws of the United States, 35 U.S.C. §§ 271 *et seq.* The Regents incorporate by reference the allegations of paragraphs 1 – 6 above.

13. On October 11, 1994, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 5,354,295 ("the '295 Patent") entitled "In An Endovascular Electrolytically Detachable Wire and Tip for the Formation of Thrombus in Arteries, Veins and Aneurysms, Vascular Malformations and Arteriovenous Fistulas," issued to Guido Gugliemi and Ivan Sepetka. The Regents is the owner, by valid assignment, of all right, title and interest in the '295 Patent.

14. Upon information and belief, Defendants have been, and currently are, directly and indirectly infringing the '295 Patent by manufacturing, using, importing, marketing, selling, reselling, offering for sale, and/or inducing others to use the Sapphire detachable coil products.

15. Defendants' acts of infringement are willful as Plaintiffs knew or should have known of the '295 Patent and that the Sapphire detachable coil products infringe the '295 Patent.

16. As a direct and proximate consequence of Defendants' infringement of the '295 Patent, The Regents has suffered and will continue to suffer irreparable injury and damages in an

amount not yet determined for which The Regents is entitled to relief. Pursuant to 35 U.S.C. § 284, The Regents is entitled to damages for infringement and treble damages.

### THIRD CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 5,540,680)

17. This claim is made under the provisions of the patent laws of the United States, 35 U.S.C. §§ 271 *et seq.* The Regents incorporate by reference the allegations of paragraphs 1 – 6 above.

18. On July 30, 1996, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,540,680 ("the '680 Patent") entitled "Endovascular Electrolytically Detachable Wire and Tip for the Formation of Thrombus in Arteries, Veins and Aneurysms, Vascular Malformations and Arteriovenous Fistulas," issued to Guido Gugliemi and Ivan Sepetka. The Regents is the owner, by valid assignment, of all right, title and interest in the '680 Patent.

19. Upon information and belief, Defendants have been, and currently are, directly and indirectly infringing the '680 Patent by manufacturing, using, importing, marketing, selling, reselling, offering for sale, and/or inducing others to use the Sapphire detachable coil products.

20. Defendants' acts of infringement are willful as Plaintiffs knew or should have known of the '680 Patent and that the Sapphire detachable coil products infringe the '680 Patent.

21. As a direct and proximate consequence of Defendants' infringement of the '680 Patent, The Regents has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which The Regents is entitled to relief. Pursuant to 35 U.S.C. § 284, The Regents is entitled to damages for infringement and treble damages.

### FOURTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 5,855,578)

22. This claim is made under the provisions of the patent laws of the United States, 35 U.S.C. §§ 271 *et seq.* The Regents incorporate by reference the allegations of paragraphs 1 – 6 above.

23. On January 5, 1999, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,855,578 ("the '578 Patent") entitled "Endovascular Electrolytically

Detachable Wire and Tip for the Formation of Thrombus in Arteries, Veins and Aneurysms, Vascular Malformations and Arteriovenous Fistulas," issued to Guido Gugliemi and Ivan Sepetka. The Regents is the owner, by valid assignment, of all right, title and interest in the '578 Patent.

24. Upon information and belief, Defendants have been, and currently are, directly and indirectly infringing the '578 Patent by manufacturing, using, importing, marketing, selling, reselling, offering for sale, and/or inducing others to use the Sapphire detachable coil products.

25. Defendants' acts of infringement are willful as Plaintiffs knew or should have known of the '578 Patent and that the Sapphire detachable coil products infringe the '578 Patent.

26. As a direct and proximate consequence of Defendants' infringement of the '578 Patent, The Regents has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which The Regents is entitled to relief. Pursuant to 35 U.S.C. § 284, The Regents is entitled to damages for infringement and treble damages.

### FIFTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 6,066,133)

27. This claim is made under the provisions of the patent laws of the United States, 35 U.S.C. §§ 271 *et seq.* The Regents incorporate by reference the allegations of paragraphs 1 – 6.

28. On May 23, 2000, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,066,133 ("the '133 Patent") entitled "Endovascular Electrolytically Detachable Wire and Tip for the Formation of Thrombus in Arteries, Veins and Aneurysms, Vascular Malformations and Arteriovenous Fistulas," issued to Guido Gugliemi and Ivan Sepetka. The Regents is the owner, by valid assignment, of all right, title and interest in the '133 Patent.

29. Upon information and belief, Defendants have been, and currently are, directly and indirectly infringing the '133 Patent by manufacturing, using, importing, marketing, selling, reselling, offering for sale, and/or inducing others to use the Sapphire detachable coil products.

30. Defendants' acts of infringement are willful as Plaintiffs knew or should have known of the '133 Patent and that the Sapphire detachable coil products infringe the '133 Patent.

31. As a direct and proximate consequence of Defendants' infringement of the '133 Patent, The Regents has suffered and will continue to suffer irreparable injury and damages in an

amount not yet determined for which The Regents is entitled to relief. Pursuant to 35 U.S.C. § 284, The Regents is entitled to damages for infringement and treble damages.

### SIXTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 6,010,498)

32. This claim is made under the provisions of the patent laws of the United States, 35 U.S.C. §§ 271 *et seq.* The Regents incorporate by reference the allegations of paragraphs 1 – 6 above.

33. On January 4, 2000, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,010,498 ("the '498 Patent") entitled "Endovascular Electrolytically Detachable Wire and Tip for the Formation of Thrombus in Arteries, Veins and Aneurysms, Vascular Malformations and Arteriovenous Fistulas," issued to Guido Gugliemi. The Regents is the owner, by valid assignment, of all right, title and interest in the '498 Patent.

34. Upon information and belief, Defendants have been, and currently are, directly and indirectly infringing the '498 Patent by manufacturing, using, importing, marketing, selling, reselling, offering for sale, and/or inducing others to use the Sapphire detachable coil products.

35. Defendants' acts of infringement are willful as Plaintiffs knew or should have known of the '498 Patent and that the Sapphire detachable coil products infringe the '498 Patent.

36. As a direct and proximate consequence of Defendants' infringement of the '498 Patent, The Regents has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which The Regents is entitled to relief. Pursuant to 35 U.S.C. § 284, The Regents is entitled to damages for infringement and treble damages.

### SEVENTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 5,976,126)

37. This claim is made under the provisions of the patent laws of the United States, 35 U.S.C. §§ 271 *et seq.* The Regents incorporate by reference the allegations of paragraphs 1 – 6 above.

38. On November 2, 1999, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,976,126 ("the '126 Patent") entitled "Endovascular

Electrolytically Detachable Wire and Tip for the Formation of Thrombus in Arteries, Veins and Aneurysms, Vascular Malformations and Arteriovenous Fistulas," issued to Guido Gugliemi. The Regents is the owner, by valid assignment, of all right, title and interest in the '126 Patent.

39. Upon information and belief, Defendants have been, and currently are, directly and indirectly infringing the '126 Patent by manufacturing, using, importing, marketing, selling, reselling, offering for sale, and/or inducing others to use the Sapphire detachable coil products.

40. Defendants' acts of infringement are willful as Plaintiffs knew or should have known of the '126 Patent and that the Sapphire detachable coil products infringe the '126 Patent.

41. As a direct and proximate consequence of Defendants' infringement of the '126 Patent, The Regents has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which The Regents is entitled to relief. Pursuant to 35 U.S.C. § 284, The Regents is entitled to damages for infringement and treble damages.

### EIGHTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 5,947,962)

42. This claim is made under the provisions of the patent laws of the United States, 35 U.S.C. §§ 271 *et seq.* The Regents incorporate by reference the allegations of paragraphs 1 – 6 above.

43. On September 7, 1999, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,947,962 ("the '962 Patent") entitled "Endovascular Electrolytically Detachable Wire and Tip for the Formation of Thrombus in Arteries, Veins and Aneurysms, Vascular Malformations and Arteriovenous Fistulas," issued to Guido Gugliemi and Ivan Sepetka. The Regents is the owner, by valid assignment, of all right, title and interest in the '962 Patent.

44. Upon information and belief, Defendants have been, and currently are, directly and indirectly infringing the '962 Patent by manufacturing, using, importing, marketing, selling, reselling, offering for sale, and/or inducing others to use the Sapphire detachable coil products.

45. Defendants' acts of infringement are willful as Plaintiffs knew or should have known of the '962 Patent and that the Sapphire detachable coil products infringe the '962 Patent.

///

46. As a direct and proximate consequence of Defendants' infringement of the '962 Patent, The Regents has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which The Regents is entitled to relief. Pursuant to 35 U.S.C. § 284, The Regents is entitled to damages for infringement and treble damages.

### NINTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 5,947,963)

47. This claim is made under the provisions of the patent laws of the United States, 35 U.S.C. §§ 271 *et seq.* The Regents incorporate by reference the allegations of paragraphs 1 – 6 above.

48. On September 7, 1999, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,947,963 ("the '963 Patent") entitled "Endovascular Electrolytically Detachable Wire and Tip for the Formation of Thrombus in Arteries, Veins and Aneurysms, Vascular Malformations and Arteriovenous Fistulas," issued to Guido Gugliemi. The Regents is the owner, by valid assignment, of all right, title and interest in the '963 Patent.

49. Upon information and belief, Defendants have been, and currently are, directly and indirectly infringing the '963 Patent by manufacturing, using, importing, marketing, selling, reselling, offering for sale, and/or inducing others to use the Sapphire detachable coil products.

50. Defendants' acts of infringement are willful as Plaintiffs knew or should have known of the '963 Patent and that the Sapphire detachable coil products infringe the '963 Patent.

51. As a direct and proximate consequence of Defendants' infringement of the '963 Patent, The Regents has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which The Regents is entitled to relief. Pursuant to 35 U.S.C. § 284, The Regents is entitled to damages for infringement and treble damages.

### TENTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 5,895,385)

52. This claim is made under the provisions of the patent laws of the United States, 35 U.S.C. §§ 271 *et seq.* The Regents incorporate by reference the allegations of paragraphs 1 – 6 above.

53. On April 20, 1999, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,895,385 ("the '385 Patent") entitled "Endovascular Electrolytically Detachable Wire and Tip for the Formation of Thrombus in Arteries, Veins and Aneurysms, Vascular Malformations and Arteriovenous Fistulas," issued to Guido Gugliemi and Ivan Sepetka. The Regents is the owner, by valid assignment, of all right, title and interest in the '385 Patent.

54. Upon information and belief, Defendants have been, and currently are, directly and indirectly infringing the '385 Patent by manufacturing, using, importing, marketing, selling, reselling, offering for sale, and/or inducing others to use the Sapphire detachable coil products.

55. Defendants' acts of infringement are willful as Plaintiffs knew or should have known of the '385 Patent and that the Sapphire detachable coil products infringe the '385 Patent.

56. As a direct and proximate consequence of Defendants' infringement of the '385 Patent, The Regents has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which The Regents is entitled to relief. Pursuant to 35 U.S.C. § 284, The Regents is entitled to damages for infringement and treble damages.

**ELEVENTH CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 5,925,037)**

57. This claim is made under the provisions of the patent laws of the United States, 35 U.S.C. §§ 271 *et seq.* The Regents incorporate by reference the allegations of paragraphs 1 – 6 above.

58. On July 20, 1999, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,925,037 ("the '037 Patent") entitled "Endovascular Electrolytically Detachable Wire and Tip for the Formation of Thrombus in Arteries, Veins and Aneurysms, Vascular Malformations and Arteriovenous Fistulas," issued to Guido Gugliemi and Ivan Sepetka. The Regents is the owner, by valid assignment, of all right, title and interest in the '037 Patent.

59. Upon information and belief, Defendants have been, and currently are, directly and indirectly infringing the '037 Patent by manufacturing, using, importing, marketing, selling, reselling, offering for sale, and/or inducing others to use the Sapphire detachable coil products.

///

60. Defendants' acts of infringement are willful as Plaintiffs knew or should have known of the '037 Patent and that the Sapphire detachable coil products infringe the '037 Patent.

61. As a direct and proximate consequence of Defendants' infringement of the '037 Patent, The Regents has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which The Regents is entitled to relief. Pursuant to 35 U.S.C. § 284, The Regents is entitled to damages for infringement and treble damages.

### TWELVETH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 6,083,220)

62. This claim is made under the provisions of the patent laws of the United States, 35 U.S.C. §§ 271 *et seq.* The Regents incorporate by reference the allegations of paragraphs 1 – 6 above.

63. On July 4, 2000, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,083,220 ("the '220 Patent") entitled "Endovascular Electrolytically Detachable Wire and Tip for the Formation of Thrombus in Arteries, Veins and Aneurysms, Vascular Malformations and Arteriovenous Fistulas," issued to Guido Gugliemi and Ivan Sepetka. The Regents is the owner, by valid assignment, of all right, title and interest in the '220 Patent.

64. Upon information and belief, Defendants have been, and currently are, directly and indirectly infringing the '220 Patent by manufacturing, using, importing, marketing, selling, reselling, offering for sale, and/or inducing others to use the Sapphire detachable coil products.

65. Defendants' acts of infringement are willful as Plaintiffs knew or should have known of the '220 Patent and that the Sapphire detachable coil products infringe the '220 Patent.

66. As a direct and proximate consequence of Defendants' infringement of the '220 Patent, The Regents has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which The Regents is entitled to relief. Pursuant to 35 U.S.C. § 284, The Regents is entitled to damages for infringement and treble damages.

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

**WHEREFORE,** The Regents requests entry of judgment in its favor and against MTI and Dendron as follows:

A.  For entry of a judgment declaring that MTI and Dendron have directly and/or indirectly infringed one or more claims of the '136 Patent, the '295 Patent, the '680 Patent, the '578 Patent, the '133 Patent, the '498 Patent, the '126 Patent, the '962 Patent, the '963 Patent, the '385 Patent, the '037 Patent, and the '220 Patent.

B.  For preliminary and permanent injunctive relief restraining and enjoining Defendants MTI and Dendron, and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from any further infringement of the '136 Patent, '295 Patent, '680 Patent, the '578 Patent, the '133 Patent, the '498 Patent, the '126 Patent, the '962 Patent, the '963 Patent, the '385 Patent, the '037 Patent, and the '220 Patent.

C.  For damages to compensate The Regents for Defendants' infringement, pursuant to 35 U.S.C. § 284, said damages to be trebled because of Defendants' willful infringement;

D.  For an award of pre-judgment and post-judgment interest and costs to The Regents in accordance with 35 U.S.C. § 284;

E.  For an award of The Regents' reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

F.  For such other and further relief as the Court may deem just and fair.

DATED: December 16, 2003         FENWICK & WEST LLP

By: _____
Lynn H. Pasahow
Attorneys for Plaintiff
The Regents of The University of California

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable raised herein.

DATED: December 16, 2003

FENWICK & WEST LLP

By: _____
Lynn H. Pasahow
Attorneys for Plaintiff
The Regents of The University of California

1177716