1 | LYNN H. PASAHOW (CSB No. 054283)
　　SHUSTER (CSB No. 191611)
2 | PATRICK E. PREMO (CSB No. 184915)
　　WENDY BJERKNES (CSB No. 197416)
3 | FENWICK & WEST LLP
　　Silicon Valley Center, 801 California Street
4 | Mountain View, CA 94041
　　Telephone: (650) 988-8500
5 | Facsimile:  (650) 938-5200

6 | JAMES E. HOLST (CSB No. 34654)
　　P. MARTIN SIMPSON (CSB No. 122867)
7 | UNIVERSITY OF CALIFORNIA
　　1111 Franklin Street, 8th Floor
8 | Oakland, CA 94607
　　Telephone: (510) 987-9800
9 | Facsimile:  (510) 987-9757

10 | Attorneys for Plaintiff / Counterdefendant
　　 THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICRO THERAPEUTICS, INC., a Delaware corporation, and DENDRON GmbH, a German corporation,<br><br>　　　　　Defendants. | Case No. C 03 05669 JW (RS)<br><br>**PLAINTIFF THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S OBJECTION TO AND MOTION FOR REVIEW OF MAGISTRATE JUDGE SEEBORG'S ORDER COMPELLING THE REGENTS TO PRODUCE FOREIGN, NON-PARTY WITNESS FOR DEPOSITION**<br><br>[FED. R. CIV. P. 72(A)] |
| MICRO THERAPEUTICS, INC., a Delaware corporation, and TARGET THERAPEUTICS, INC., a Delaware corporation,<br><br>　　　　　Third Party Plaintiffs,<br><br>　　v.<br><br>BOSTON SCIENTIFIC CORPORATION, a Delaware corporation, and TARGET THERAPEUTICS, INC., a Delaware corporation,<br><br>　　　　　Third Party Defendants. | **HEARING REQUESTED**<br><br>Date:　Not Set<br>Time:　Not Set<br>Judge:　The Honorable James Ware |

## INTRODUCTION

Plaintiff and Counter-Defendant The Regents of the University of California ("The Regents") respectfully requests this Court to set aside the portion of Magistrate Judge Seeborg's June 29, 2004 Order (the "Order") that improperly compels The Regents to produce Dr. Guido Guglielmi, M.D, a former employee of The Regents, who is currently an Italian citizen residing in Rome, Italy, for his deposition. *See* Order attached as Exhibit A. The Order acknowledges that Dr. Guglielmi is *not* a named party, or the officer, director or managing agent of a party, in this patent case. Nonetheless, the Magistrate ordered The Regents to produce Dr. Guglielmi for deposition, claiming the patent assignment agreement executed by Dr. Guglielmi provided "apparent authority to require that he be present for a deposition by MTI."

The issue of whether The Regents has "apparent authority" or "control" over its former employee is not determinative in the context of compelling The Regents to produce a former employee for deposition. Under Federal Rule of Civil Procedure 30, The Regents is *only* obligated to produce for deposition "officers, directors, or managing agents, or other persons who consent to testify on its behalf." Dr. Guglielmi is not an employee, let alone an officer, director or managing agent, of any party. The portion of the Order which compels three days of deposition of Dr. Guglielmi exceeds The Regents' obligations under the Federal Rules of Civil Procedure and should be withdrawn. If, for any reason, Dr. Guglielmi is unable or unwilling to appear for deposition, The Regents should not be deemed responsible for the actions of this independent witness.

## STATEMENT OF ISSUE

Whether the Order must be set aside because it disregards without precedent an express limitation of the Federal Rule of Civil Procedure 30 to improperly compel The Regents to produce a foreign, nonparty witness for deposition.

## ARGUMENT

### THE ORDER COMPELLING THE DEPOSITION OF DR. GUGLIELMI IS CONTRARY TO LAW AND MUST BE SET ASIDE.

The District Court reviews the Magistrate Judge's pretrial orders under a "clearly erroneous or contrary to law" standard. FED. R. CIV. P. 72(a); *Rivera v. Nibco, Inc.,* 364 F.3d 1057, 1063

(9th Cir. 2004). The contrary to law standard applies to the Magistrate's legal conclusions, which are "freely reviewable de novo." *Wolpin v. Philip Morris, Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999); *see also, FDIC v. Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000) (the contrary to law standard permits independent review of purely legal determinations by the Magistrate Judge). Here, the Order is contrary to well-established law and must therefore be withdrawn.

It well settled that "[o]nly a party to the litigation may, of course, be compelled to give testimony pursuant to a notice of deposition." *See In re Honda Am. Motor Co., Inc.*, 168 F.R.D. 535, 540 (D. Md. 1996). When the party is a corporate entity, as here with The Regents, "such notice of deposition must be given to it pursuant to Fed. R. Civ. P. 30(b)(6). The examining party has the power itself, however, to designate deponents who will speak for the corporation, *but only if the named individuals are 'directors, officers, or managing agents.'*" *Id.* (emphasis added). If the examining party cannot meet its burden to establish that the person is an "officer, director, or managing agent," then it must serve a subpoena pursuant to Rule 45 to compel attendance by the non-party witness. *Id.* "If the witness is overseas, a party must resort to procedures outlined in The Hague Convention or another applicable treaty." *Id.*

Dr. Guglielmi, a co-inventor and assignor of the patents-in-suit, is an Italian citizen who resides in Italy. He has not been employed by The Regents since August 1999. Because Dr. Guglielmi is no longer an employee of The Regents, there is no basis under Rule 30 to compel The Regents to produce the witness for deposition. A subpoena under Rule 45 or other legal compulsion is necessary to compel the deposition of a third party witness, including a former employee. *See Colonial Capital Co. v. General Motors*, 29 F.R.D. 514, 515 (D. Conn. 1961).

Moreover, in light of the fact that Dr. Guglielmi is a foreign citizen and a non-party witness residing outside the jurisdiction of this Court, MTI must comply with the procedures set forth under The Hague Convention. *See* FED. R. CIV. P. 28, 45; *see also Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003) ("Resort to The Hague Evidence Convention in this instance is appropriate since both Mr. Duynisveld and Mr. Dietz are not parties to the lawsuit, have not voluntarily subjected themselves to discovery, are citizens of the

Netherlands, and are not otherwise subject to the jurisdiction of the Court"); *Thomson Info. Servs. v. British Telcoms.*, 940 F. Supp. 20, 25 n.4 (D. Mass. 1996) ("[D]eposition testimony of nonparty witnesses and documents in the possession of nonparties must be procured through [The Hague Convention in the form of] letters of request to an English court"); *United States v. Afram Lines, Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994); *Laker Airways, Ltd. v. Pan Am. World Airways*, 607 F. Supp. 324, 326-7 (S.D.N.Y. 1985) (quashing subpoenas seeking depositions of non-party witnesses where service of the subpoenas in New York constitutes "a transparent attempt to circumvent The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.... The failure to use The Hague Convention is more than a mere technicality"); 6 MOORE'S FEDERAL PRACTICE - Civil § 28.12[8] ("Letters of request provide the only method under The Hague Evidence Convention to secure compulsory process over a proposed witness").

The fact that Dr. Guglielmi was a former employee at UCLA Medical Center five years ago does not alter the analysis. The time for determining whether a witness qualifies as a "managing agent" is made at the time of the deposition. *See In re Honda,* 168 F.R.D. at 540. Former employees are not considered managing agents of a corporation. *Id.* at 541, citing *Colonial Capital Co. v. General Motors Co.*, 29 F.R.D. 514, 515 (D. Conn. 1961).

The Order compelling The Regents to produce Dr. Guglielmi to testify as an agent of The Regents, disregards this well-established law and is without precedent. The sole legal support cited in support of the Order is *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. of Iowa,* 482 U.S. 522, 107 S. Ct. 2542, 96 L. Ed. 2d 461 (1987). *See* Order at 9. *Societe* is inapposite, however, as it concerns written discovery from a foreign, corporate litigant, *i.e.*, a named party, that was under the jurisdiction of the U.S. court. *Societe*, 482 U.S. at 524 ("The question presented in this case concerns the extent to which a federal district court must employ the procedures set forth in the Convention when litigants seek answers to interrogatories, the production of documents, and admissions from a French adversary over whom the court has personal jurisdiction"). The Court in *Societe* simply held that The Hague Convention does not deprive a district court of the jurisdiction it otherwise possesses to order a foreign national party before it to produce documents physically located within a signatory nation. *Id.* at 539-540. This

PLAINTIFF'S MOTION FOR REVIEW OF ORDER COMPELLING   - 4 -   CASE NO. C 03 05669 JW (RS)
PLAINTIFF TO PRODUCE WITNESS FOR DEPOSITION

holding, therefore, does not apply to the question of whether a United States court can order a party to produce a foreign, nonparty witness for deposition under Rule 30.

Here, the Magistrate correctly recognized that Dr. Guglielmi is not a party litigant and as a nonparty citizen residing abroad, is not subject to the jurisdiction of this Court. The Magistrate nevertheless ordered the deposition based on his decision that The Regents has "apparent authority" over Dr. Guglielmi due to his assignment of rights, title, and interest in the patents to The Regents and because the assignment agreement between them states that Dr. Guglielmi will "do all acts necessary or required to be done for the procurement, maintenance, enforcement and defense" of the patents.

The concept of "authority" or "control" suggested by the Magistrate may have relevance in the context of document discovery. *See* FED. R. CIV. P. 34(a) (under Rule 34, a party must search for and produce documents in its "possession, custody or control"). However, it is not the rule with regard to compelling attendance of third party witnesses. Rule 30 requires a business to produce others for depositions only if the witnesses are "officers, directors, or managing agents." All other witnesses – including even *current* employees who are not officers, directors or managing agents – can only be required to attend by subpoena. *See* FED. R. CIV. P. 28(b), 30(b)(6) and 45.[1]

Federal Rule of Civil Procedure 45 governs the attendance of non-party witnesses for deposition, and Rule 28(b) specifies the methods by which depositions of non-party, foreign witnesses may be taken in foreign countries. Neither rule vests a District Court with the authority to compel The Regents to produce a foreign, nonparty witness for deposition or run the risk of discovery sanctions. Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PROC. BEFORE TRIAL, § 11:1413.2, and § 11:1283 *citing* FED. R. CIV. P. 28(b)) ("To depose a resident of a foreign country who is *not* a party to the local action (or officer, director, managing agent or employee of an entity party), the party seeking discovery must proceed under the law and procedures of the foreign country").

---

[1] Even nationals or residents *of the United States* must be served pursuant to separate procedures if in a foreign country. FED. R. CIV. P. 45(b)(2) ("A subpoena directed to a witness in a foreign country who is a national or resident of the United States shall issue under the circumstances and in the manner and be served as provided in Title 28 U.S.C. § 1783")

This is not merely a technical challenge by The Regents. The present Order compels *The Regents* to make Dr. Guglielmi available for deposition as a party witness. Dr. Guglielmi has already been deposed for five days in the related patent case pending before this Court in *Boston Scientific v. Cordis*, U.S. Dist. Court (N.D. Cal.) Case No. C-03-05669-JW (RS). MTI will be furnished copies of the transcript for all five days of deposition. Dr. Guglielmi does not want to endure three more days of deposition, which will undoubtedly cover the same questions asked in the *Cordis* litigation. It is uncertain whether he will appear for further depositions without legal compulsion. Even though Dr. Guglielmi is contractually bound to assist The Regents with litigation, he nevertheless is an independent witness and his actions should not be permitted to adversely affect The Regents.

## CONCLUSION

For the reasons discussed above, the Regents respectfully requests that this Court reverse the portion of the Order, which compels The Regents to make Dr. Guglielmi appear for deposition.

Respectfully Submitted,

DATED: July 14, 2004

By: _____/s/ **Patrick E. Premo**_____
Patrick E. Premo
Attorneys for Plaintiff / Counterdefendant
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

*1197041*