**United States District Court**
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| The Regents of the University of California,<br><br>         Plaintiff,<br><br>   v.<br><br>Micro Therapeutics Inc. et al.,<br><br>         Defendant(s),<br>         Third Party Plaintiff(s)<br><br>   v.<br><br>Boston Scientific Corp. et al.,<br><br>         Third Party Defendant(s) | NO. C 03-05669 JW<br><br>**ORDER DENYING THIRD PARTY DEFENDANTS' MOTION FOR LEAVE TO AMEND** |

## I. INTRODUCTION

The Regents of the University of California ("Plaintiff") initiated this patent infringement suit against Micro Therapeutics, Inc., and Dendron GmbH ("Third Party Plaintiffs") under 35 U.S.C. § 271. Micro Therapeutics and Dendron counterclaimed against Plaintiff, and filed a third party complaint against Boston Scientific Corp. and Target Therapeutics, Inc. ("Third Party Defendants") alleging an Antitrust violation under the Sherman Act, 15 U.S.C. §§ 1 and 2. Presently before this court is Boston Scientific and Target's motion for leave to amend their answer by adding the affirmative defense of unclean hands and third party counterclaims of trade secret misappropriation

1  and unfair trade practices. For the reasons stated below, this court DENIES the motion.

## II.  BACKGROUND

Plaintiff, the Regents of The University of California filed suit against Third Party Plaintiffs Micro Therapeutics, a California corporation, and Dendron, a German corporation, alleging patent infringement. Micro Therapeutics and Dendron, in turn, brought counterclaims against Plaintiff and third party claims against Third Party Defendants Boston Scientific, a Massachusetts corporation, and Target, a California corporation, alleging an antitrust violation. In their answer, Third Party Defendants denied and admitted the various allegations and also asserted various defenses. They now seek to amend their answer on the basis of newly discovered evidence. More specifically, Third Party Defendants allege they discovered that "highly confidential ... company files" full of "key strategic plans" were in possession of Third Party Plaintiffs. (BSC Mot. for Leave to Am., at 3.) Third Party Defendants assert that this "trade secret information" was taken "knowingly" by a former employee who gave the information to the "highest levels of management" of Third Party Plaintiffs. (BSC Mot. for Leave to Am., at 5.) Therefore, they wish to amend their answer to add the counterclaims of trade secret misappropriation and unfair trade practices, along with the affirmative defense of unclean hands based on the same factual circumstances. (BSC Mot. for Leave to Am., at 3.)

The parties are in the midst of discovery and claim construction has been partially completed. (BSC Mot. for Leave to Am., at 4.) However, Third Party Defendants argue that adding "new unrelated trade secret claims" to an already "complex patent case" would be prejudicial. (MTI Opp. to BSC Mot. for Leave to Am., at 1.) They also contend that the proposed amendments are futile because the defense of unclean hands is legally unsustainable and the counterclaims of trade secret misappropriation and unfair trade practices fail to meet the requirements of supplemental jurisdiction. Id.

## III.  STANDARDS

Leave to amend a pleading "shall be freely given when justice so requires." FED. R. CIV. P.

2

15(a). Generally, leave to amend is "to be applied with extreme liberality." <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 712 (9th Cir. 2001) (quoting <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990)).  Factors weighed in determining whether leave should be granted include undue delay, bad faith, futility, and prejudice to the opposing party.  <u>Griggs v. Pace Am. Group, Inc.</u>, 170 F.3d 877, 880 (9th Cir. 1999).

## IV.  DISCUSSION

### A.  Unclean Hands

Third Party Plaintiffs argue that amending the answer to include the affirmative defense of unclean hands would be futile.  The court agrees.  The defense of unclean hands bars a party's claims if they acted unscrupulously, because a court of equity cannot be an "abettor of inquity."  <u>Keystone Driller Co. V. Gen. Excavator Co.</u>, 290 U.S. 240, 245 (1933).  Hence, a party bringing a claim must have acted fairly without fraud or deceit.  <u>Fuddruckers, Inc. v. Doc's B.R. Others, Inc.</u>, 826 F.2d 837, 847 (9th Cir. 1987).  However, the scope of this requirement is limited.  In bringing a claim, the party's actions must be devoid of misconduct with respect to that particular claim.  "What is material is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts," because a careless motorist should not be "able to defend" a lawsuit, by asserting that "the victim beat his wife at home."  <u>Republic Molding Corp. v. B.W. Photo Utils.</u>, 319 F.2d, 347, 349-350 (9th Cir. 1963).

Applying this test, the court finds that Third Party Defendants' allegation of trade secret misappropriation, upon which the defense of unclean hands is based, lacks the requisite relationship to Third Party Plaintiffs' claim for antitrust violations.  Third Party Plaintiffs assert a <u>Walker</u> antitrust claim alleging the "knowing enforcement of invalid or unenforceable patents."  (MTI Opp. to BSC Mot. for Leave to Am., at 2.)  They allege that Third Party Defendants acted inequitably in procuring the patents now being asserted against Micro Therapeutics and Dendron.  In contrast, Third Party Defendants' desired defense of unclean hands stems from the purported trade secret misappropriation.  The court finds an insufficient relationship between Third Party Defendants'

unclean hands defense and the antitrust claim asserted against them. Accordingly, the court denies leave to add the affirmative defense of unclean hands.

**B.     Supplemental Jurisdiction**

Third Party Plaintiffs also argue that amending the answer to include the counterclaims of trade secret misappropriation and unfair trade practices would be futile for lack of supplemental jurisdiction. The court agrees. Title 28 U.S.C. § 1367 grants federal jurisdiction over claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Federal Rule of Civil Procedure 13 defines two types of counterclaims: compulsory and permissive. The former arise out of a "transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). The latter is defined as those claims *not* arising out of the same transaction or occurrence that is the subject matter of the opposing party's claim. Fed. R. Civ. P. 13(b) (emphasis added). Compulsory counterclaims are automatically within the purview of section 1367 because claims that arise out of the same transaction are sufficiently "so related." Permissive counterclaims, however, have been held to require independent grounds of federal jurisdiction. Wright et al., Federal Practice and Procedure: Federal Rules of Civil Procedure § 1422; Consolidated Freightways Corp. v. Coast Freightways, Inc., 628 F. Supp. 894, 897 (C.D. Cal. 1986); Premier Commercial Corp. v. FMC Corp., 139 F.R.D. 670, 671 (N.D. Cal. 1991); State Farm and Casualty Co., v. Geary, 699 F. Supp. 756, 762 (N.D. Cal. 1987).[1]

Third Party Defendants' assert claims of trade secret misappropriation and unfair trade practice because they allegedly discovered that Third Party Plaintiffs possessed "numerous internal Boston Scientific files." (BSC Mot. for Leave to Am., at 4.) Allegedly, these files were taken "knowingly" by a former employee. (BSC Mot. for Leave to Am., at 5.) However, the original

---

[1] The court recognizes the direction of the Second and Seventh Circuits in deciding the appropriateness of extending supplemental jurisdiction over permissive counterclaims. See Jones v. Ford Motor Credit Co., 368 F.3d 205. 212-213 (2d. Cir. 2004); Ammerman v. Sween, 54 F.3d 423, 424 (7th Cir. 1995). However, the Ninth Circuit has remained silent on this issue and this court declines to deviate from established common law until instructed otherwise.

4

claim upon which this court found jurisdiction is antitrust, in which Third Party Plaintiffs assert that Third Party Defendants acted inequitably with the United States Patent Office ("USPTO"). The alleged inequitable transactions with the USPTO are not the same transactions that give rise to the claims of trade secret misappropriation and unfair trade practices. Hence, the desired counterclaims are not compulsory. Instead they are permissive and require a finding of independent grounds of federal jurisdiction. See Wright et al., supra § 1422. Third Party Defendants have not demonstrated sufficient independent grounds. Their proposed counterclaims of trade secret misappropriation and unfair trade practices do not arise under a federal question. Third Party Defendants also lack complete diversity with Third Party Plaintiffs. Therefore, the Court denies leave to add the counterclaims of trade secret misappropriation and unfair trade practices.

Third Party Plaintiffs have also asserted that the proposed amendments would be prejudicial. However, the Court declines to discuss this issue because leave to amend has already been denied.

### V.  CONCLUSION

For the reasons stated above, the Court DENIES the Motion for Leave to Amend.

Dated: February 22, 2006                     /s/James Ware
03cv5669amend                                JAMES WARE
                                             United States District Judge

5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Amanda Marie Kessel akessel@goodwinprocter.com
Charles G. Curtis ccurtis@hewm.com
Chien-Ju Alice Chen achen@Fenwick.Com
Christopher T. Holding cholding@goodwinprocter.com
Colin G. Sandercock csandercock@hewm.com
David J. Harth dharth@hewm.com
Gabrielle E. Bina gbina@hewm.com
J. Anthony Downs jdowns@goodwinprocter.com
John S. Skilton jskilton@hewm.com
John S. Skilton jskilton@hewm.com
Julie Lynn Fieber jfieber@flk.com
Lynn H. Pasahow lpasahow@fenwick.com
Michael Francis Kelleher mkelleher@flk.com
Michael J. Shuster mshuster@fenwick.com
Michael K. Plimack mplimack@hewm.com
Michelle M. Umberger mumberger@hewm.com
Patrick E. Premo ppremo@fenwick.com
Roland Schwillinski rschwillinski@goodwinprocter.com
Sarah C. Walkenhorst swalkenhorst@hewm.com
Wendy Lynn Bjerknes Wbjerknes@fenwick.com

**Dated: February 22, 2006**                               **Richard W. Wieking, Clerk**

**By:__/s/JW Chambers_____**
    **Melissa Peralta**
    **Courtroom Deputy**