IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| The Regents of the University of California, | NO. C 03-05669 JW |
| Plaintiff, | |
| v. | **PROPOSED ORDER OF APPOINTMENT OF A TECHNICAL ADVISOR, MR. RAINER SCHULZ** |
| Micro Therapeutics Inc., et al., | |
| Defendants,<br>Third Party Plaintiffs | |
| v. | |
| Boston Scientific Corp., et al., | |
| Third Party Defendants | |
| _____/ | |

## I.  BACKGROUND

The Regents of the University of California ("Plaintiff") initiated this patent infringement suit against Micro Therapeutics, Inc., and Dendron GmbH ("Third Party Plaintiffs") under 35 U.S.C. § 271.  Micro Therapeutics and Dendron counterclaimed against Plaintiff, and filed a third party complaint against Boston Scientific Corp. and Target Therapeutics, Inc. ("Third Party Defendants") alleging an Antitrust violation under the Sherman Act, 15 U.S.C. §§ 1 and 2.

1    Plaintiff initially accused Third Party Plaintiffs of willfully infringing 12 patents. Later, the
2 Plaintiff dropped five patents from its infringement claims and presently asserts seven patents
3 against Third Party Plaintiffs: U.S. Patent Nos. 5,122,136 ("'136 patent"), 5,855,578 ("'578 patent"),
4 6,066,133 ("'133 patent"), 5,976,126 ("'126 patent"), 5,947,962 ("'962 patent"), 5,947,963 ("'963
5 patent"), and 5,925,037 ("'037 patent"). Third Party Plaintiffs, however have asserted counterclaims
6 as to all 12 patents. Therefore, there are five additional patents that are only part of Third Party
7 Plaintiffs' counterclaims: U.S. Patent Nos. 5,354,295 ("'295 patent"), 5,540,680 ("'680 patent"),
8 5,895,385 ("'385 patent"), 6,010,498 ("'498 patent"), and 6,083,220 ("'220 patent").

Due to the complexity of the case and the patents-in-suit, the Court has determined that it would benefit from the services of a technical advisor.

## II. STANDARDS

A district judge has inherent authority to appoint a technical advisor when the judge deems it desirable and necessary. Ass'n of Mexican Am. Educators v. California, 231 F.3d 572, 590 (9th Cir. 2000) (en banc). The exercise of this authority should be used sparingly and only in highly complicated cases. TechSearch, L.L.C. v. Intel Corp., 286 F.3d 1360, 1378 (Fed. Cir. 2002) (interpreting the Ninth Circuit standard for appointing technical advisors). In those limited cases, where the complexity of the science and technology involves something well beyond regular questions of fact and law, the district court has the inherent authority to tap the outside skill and expertise of a technical advisor. Federal Trade Commission v. Enforma Natural Products, Inc., 362 F.3d 1204, 1213 (9th Cir. 2004); see also Reilly v. United States, 863 F.2d 149, 157 (1st Cir. 1988). The technical advisor acts as educator, advising on terminology so that the district court can better understand complex evidence and properly discharge its role as decision maker. TechSearch, 286 F.3d at 1377.

In Reilly, while conceding that a district court has inherent authority to appoint an expert as a technical advisor, the appellant argued that such power is strictly circumscribed by Fed.R.Evid. 706(a). Reilly, 863 F.2d 149, 154 (1st Cir. 1988). The First Circuit held the plain language of

706(a) indicates that the rule is confined to court-appointed expert witnesses and does not embrace expert advisors or consultants. Id. at 155. Ultimately, the First Circuit held:

> [706(a)] establishes a procedural framework for nomination and selection of an expert witness and for the proper performance of his role after an appointment is accepted. [] By and large, these modalities--though critically important in the realm customarily occupied by an expert witness--have marginal, if any, relevance to the functioning of technical advisors. Since an advisor, by definition, is called upon to make no findings and to supply no evidence, [internal citations omitted], provisions for depositions, cross-questioning, and the like are inapposite. [citations omitted.]

Id. at 156.

### III. PROPOSED ORDER OF APPOINTMENT

Accordingly, the Court appoints Mr. Rainer Schulz[1] as a "Technical Advisor" under the following terms:

1. Any advice provides to the Court by Mr. Schulz will not be based on any extra-record information.

2. From time to time, the Court may request Mr. Schulz to provide a formal written report on technical advice concerning the case. A copy of the formal written report prepared by Mr. Schulz shall be provided to the parties. However, the Court reserves the right to have informal verbal communication with Mr. Schulz which are not included in any formal written report.

2. Mr. Schulz may attend any court proceedings.

3. Mr. Schulz may review any pleadings, motions or documents submitted to the Court.

4. As a technical advisor, Mr. Schulz will make no written findings of fact and will not supply any evidence to the Court. Thus, Mr. Schulz will be outside the purview of "expert witnesses" under Fed. R. Evid. 706. As such, the provisions in Rule 706 for depositions and questioning of expert witnesses will be inapplicable to Mr. Schulz. See Reilly, 863 F.2d at 155-156.

5. Mr. Schulz will have no contact with any of the parties or their counsel except for billing purposes.

---

[1] Attached to this Proposed Order is a courtesy copy of Mr. Schulz's resume.

3

6. The parties are directed to pay the reasonable fees charged by Mr. Schulz for his service as a technical advisor to the Court in this case.  If the appointment is made, the parties shall confer to determine an apportionment for purposes of payment of Mr. Schulz's fees.  All matters pertaining to the fees of Mr. Schulz are referred to the Magistrate Judge Richard Seeborg.

7. Mr. Schulz shall file a declaration that he will adhere to the terms of his appointment.

On for before **June 12, 2006**, any party to the litigation wishing to object to Mr. Schulz's appointment on any ground, shall file a Notice of Objection to Appointment of Technical Advisor. Among the grounds for objection, the Court specifically would wish to know of any objection based on the following grounds:

A. Bias on the part of Mr. Schulz;

B. Lack of funds to share the fees of the advisor on the part of the objecting party.

Any objection shall be lodged directly with Magistrate Judge Seeborg.  The objection shall state the ground of objection and be accompanied by a supporting declaration and legal memorandum supporting the objection.  Judge Seeborg shall not advise Judge Ware of the identity of any party making an objection.  Judge Seeborg may confer with the parties to determine if any modification of the terms of appointment would overcome the objection.  Thereafter, Judge Seeborg shall submit a recommendation to Judge Ware in accordance with paragraphs 1-7 or as modified or of non-appointment due to objections.  Judge Ware shall determine whether to make the appointment under any modified terms of appointment.

Dated: May 26, 2006

_____
JAMES WARE
United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Amanda Marie Kessel akessel@goodwinprocter.com
Charles G. Curtis ccurtis@hewm.com
Chien-Ju Alice Chen achen@Fenwick.Com
Christopher T. Holding cholding@goodwinprocter.com
Colin G. Sandercock csandercock@hewm.com
David J. Harth dharth@hewm.com
Gabrielle E. Bina gbina@hewm.com
J. Anthony Downs jdowns@goodwinprocter.com
John S. Skilton jskilton@hewm.com
John S. Skilton jskilton@hewm.com
Julie Lynn Fieber jfieber@flk.com
Lynn H. Pasahow lpasahow@fenwick.com
Michael Francis Kelleher mkelleher@flk.com
Michael J. Shuster mshuster@fenwick.com
Michael K. Plimack mplimack@hewm.com
Michelle M. Umberger mumberger@hewm.com
Patrick E. Premo ppremo@fenwick.com
Roland Schwillinski rschwillinski@goodwinprocter.com
Sarah C. Walkenhorst swalkenhorst@hewm.com
Wendy Lynn Bjerknes Wbjerknes@fenwick.com

**Dated: May 26, 2006**                                    **Richard W. Wieking, Clerk**

                                                                                **By:__/s/JW Chambers_____**
                                                                                     **Melissa Peralta**
                                                                                     **Courtroom Deputy**

**United States District Court**
For the Northern District of California