*E-FILED 8/9/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, | NO. C 03 05669 JW (RS) |
| Plaintiff/Counterclaim Defendant, | **ORDER GRANTING MOTION TO COMPEL** |
| v. | |
| MICRO THERAPEUTICS, INC., et al, | |
| Defendants/Counterclaimants and Third Party Plaintiffs, | |
| v. | |
| BOSTON SCIENTIFIC CORPORATION, et al. | |
| Third Party Defendants. | |

Plaintiff the Regents of the University of California ("UC") moves to compel defendants (collectively "MTI") to produce attorney billing records reflecting the attorney fees MTI has incurred in the defense of this action. UC asserts, and MTI does not contest, that MTI has identified those fees as the sole basis of MTI's damages under its antitrust counterclaims. The Court finds this matter suitable for disposition without oral argument, pursuant to Civil Local Rule 7-1 (b).[1]

---

[1] This action has given rise to substantial discovery motion practice as well as other motions. Because the background of the case has been discussed in many prior orders, it will not be repeated here, and the discussion of the present issues will otherwise be abbreviated. The Court notes and

1

1 MTI objects to the requested relief on the following four grounds: 1. MTI contends that the
2 request "impermissibly intrudes" on privileged information. Although, as UC has argued, billing
3 records are not *generally* privileged, UC has plainly stated that it does not object to MTI redacting
4 from the billing records any privileged information that may be contained therein. Accordingly,
5 without reaching UC's further assertion that MTI has waived any privilege claims by putting its fees
6 "at issue," the Court concludes that production of the records, with such redactions as may be
7 necessary to protect any information as to which a good-faith claim of privilege may be asserted, is
8 appropriate.

9 2. MTI contends that its damages encompass *all* fees *actually incurred* in the defense of this
10 action and that therefore the "reasonableness" of those fees is not at issue. While "reasonableness"
11 of its fees may not be the precise question, inquiry into whether the fees were incurred *as a*
12 *proximate result* of the alleged wrongdoing remains appropriate. To provide an extreme example, if
13 MTI's lawyers charged MTI $100,000 for preparing a pleading that took only an hour to draft, UC
14 would have every right to argue that the fees "actually incurred" by MTI were the result of its
15 lawyers' overreaching, rather than a consequence of any conduct by UC.[2] Thus, while the
16 "reasonableness" of the fees incurred by MTI may not be *directly* at issue, the question of whether
17 the fees were incurred as a proximate result of the alleged wrongdoing is largely indistinguishable
18 from such an inquiry.

19 Additionally, as UC points out, MTI presumably has incurred fees in this action that arose
20 from its prosecution of various counterclaims, some of which apparently have been abandoned.
21 Without reaching the question of whether MTI ultimately may recover any such fees as damages, for
22 purposes of discovery, UC is entitled to explore what issues were being pursued when the fees were
23 generated.

24 3. MTI complains that UC refuses to agree to a reciprocal disclosure of its attorney billing

---

26 appreciates that the parties have made efforts to resolve at least two recent issues without Court
involvement. See Docket Nos. 840 and 828.

28 [2] The Court does *not* suggest there is any evidence in the record of overcharging by any
counsel. The absence of such evidence, however, does not undercut UC's right to discovery.

2

1 records. The simplest answer is that MTI has pointed to no discovery request it made seeking such
2 records. More fundamentally, though, UC's fees are not equally relevant, as UC has not claimed its
3 fees as damages.³ MTI argues that the amount of fees expended by UC has some bearing on the
4 reasonableness of MTI's fees. In this instance, however, there *is* a meaningful distinction between
5 "reasonableness" and "proximate cause." Even assuming that the fees generated by UC's counsel in
6 prosecuting this action might serve as some sort of yardstick as to the "reasonableness" of the
7 defense fees, they would have virtually no bearing on whether the defense fees were incurred as a
8 proximate result of the allegedly wrongful conduct. Thus, even assuming MTI could point to some
9 discovery request that sought disclosure of UC's incurred fees, there would be little if any basis to
10 compel production of those documents at this point in the litigation.

11      4. Finally, MTI suggests that it should not be compelled to produce billing records until and
12 unless it prevails on its antitrust claims at trial. In the absence of any order bifurcating the trial
13 issues, this argument is not compelling.⁴ Even were the trial to be bifurcated, MTI has not shown
14 that it would be reasonable to postpone completion of the discovery process until some time between
15 the phases of the trial.

16      Accordingly, good cause appearing, it is hereby ordered that within 20 days of the date of
17 this order, MTI shall produce the attorney billing records supporting its damage claim, redacted if
18 necessary as outlined above.

20 IT IS SO ORDERED.
Dated: August 9, 2007

21                               RICHARD SEEBORG
United States Magistrate Judge

---

³ UC's fees could become relevant post-trial, should it prevail on its infringement claims, obtain a finding that the case was "exceptional," and then bring a motion for attorney fees based on that finding. Whatever rights MTI might then have or not have to inspect the billing records of UC's counsel are not pertinent to this dispute.

⁴ It appears that MTI may have recently filed a motion seeking such bifurcation.

ORDER
C 03 05669 JW (RS)

3

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

David L. Anstaett     david.anstaett@hellerehrman.com

Gabrielle E. Bina     gbina@hewm.com

Wendy Lynn Bjerknes     Wbjerknes@fenwick.com

Henry Zuzueta Carbajal , III     hcarbajal@fenwick.com, ssanford@fenwick.com

Carolyn Chang     cchang@fenwick.com, vschmitt@fenwick.com

Chien-Ju Alice Chuang     achuang@fenwick.com, dyoungman@fenwick.com

Charles G. Curtis , Jr     ccurtis@hewm.com

J. Anthony Downs     jdowns@goodwinprocter.com

Julie Lynn Fieber     jfieber@flk.com

Rita A. Hao     rita.hao@ucop.edu

David J. Harth     dharth@hewm.com, pdean@hewm.com, tanders@hewm.com, tgresl@hewm.com

David Edwin Jones     dejones@hewm.com

Michael Francis Kelleher     mkelleher@flk.com

Amanda Marie Kessel     akessel@goodwinprocter.com

Lissa Rose Koop     Lissa.Koop@Hellerehrman.com

Charlene Marie Morrow     cmorrow@fenwick.com

Autumn Noelle Nero     autumn.nero@hellerehrman.com, djmorgan@hellerhman.com

Lynn Harold Pasahow     lpasahow@fenwick.com, tchow@fenwick.com

Nicole Elise Perroton     nperroton@goodwinprocter.com, lthomas@goodwinprocter.com

Michael Kenneth Plimack     mplimack@hewm.com

Patrick Eugene Premo     ppremo@fenwick.com, mguidoux@fenwick.com

Colin G. Sandercock     csandercock@proskauer.com, cherron@proskauer.com

Roland Schwillinski     rschwillinski@goodwinprocter.com

Michael Jeffrey Shuster     mshuster@fenwick.com, tthomas@fenwick.com

John S. Skilton     jskilton@hewm.com

Allison H Stiles     astiles@goodwinprocter.com

ORDER
C 03 05669 JW (RS)

4

**United States District Court**
For the Northern District of California

1  Michael G. Strapp    mstrapp@goodwinprocter.com

2  Patrick Shaun Thompson    pthompson@goodwinprocter.com

3  Michelle M. Umberger    mumberger@hewm.com, zseyferth@hewm.com

4  Sarah C. Walkenhorst    swalkenhorst@hewm.com

5  Paul F. Ware , Jr    pware@goodwinprocter.com

7  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

9  **Dated: 8/9/07**                                    **Chambers of Judge Richard Seeborg**

11                                                       **By:**    ____/s/ BAK____

28  ORDER
C 03 05669 JW (RS)