United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| The Regents of the University of California, | NO. C 03-05669 JW |
| Plaintiff, | **AUGUST 21, 2007 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT** |
| v. | |
| Micro Therapeutics, Inc. and Dendron GmbH, | |
| Defendants and Third Party Plaintiffs, | |
| v. | |
| Boston Scientific Corp. and Target Therapeutics, Inc., | |
| Third Party Defendants. | |

## I. INTRODUCTION

Plaintiff The Regents of the University of California ("The Regents" or "Plaintiff") brings this action against Defendants Micro Therapeutics Inc. ("MTI") and its wholly owned subsidiary Dendron GmbH (collectively, "Defendants") for infringement of twelve of The Regents' patents which relate to devices for occluding vascular cavities for the treatment of brain aneurysms.

Presently before the Court are: (1) Plaintiff's Motion for Partial Summary Judgment of Infringement of Claim 4 of the '136 Patent and Claims 11, 12, 13 and 16 of the '578 Patent and for Partial Summary Adjudication of Infringement of All Patents-in-Suit; (2) Defendants' Opposition to Plaintiff's Partial Summary Judgment Motion and Cross-Motion for Partial Summary Judgment of

Non-Infringement.[1]  The Court conducted a hearing on June 27, 2007.  The parties have asserted several grounds for finding infringement or non-infringement.  This Order addresses Defendants' cross-motion for partial summary judgment of non-infringement on the ground that the accused products do not meet the elements of enumerated claims.  Based on the papers submitted to date and oral arguments of counsel, the Court GRANTS in part and DENIES in part Defendants' cross-motion for partial summary judgment.

## II.  STANDARDS

### A. Partial Summary Judgment

The standard for summary judgment does not change in a patent case.  Conroy v. Reebok Int'l, Ltd., 14 F.3d 1570, 1575 (Fed. Cir. 1994).

Although motions for partial summary judgment are common, Rule 56 of the Federal Rules of Civil Procedure, which governs summary judgment, does not contain an explicit procedure entitled "partial summary judgment."  As with a motion under Rule 56(c), partial summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The purpose of partial summary judgment "is to isolate and dispose of factually unsupported claims or defenses."  Celotex v. Catrett, 477 U.S. 317, 323-24 (1986).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying the evidence which it believes demonstrates the absence of a genuine issue of material fact."  Id. at 323.  The non-

---

[1]  (Plaintiff the Regents of the University of California's Notice of Motions; Motion for Summary Judgment of Infringement of Claim 4 of U.S. Patent No. 5,122,136 and Claims 11, 12, 13 and 16 of U.S. Patent No. 5,855,578; and Motion for Partial Summary Adjudication of Infringement of All Patents-in-Suit, hereafter, "Plaintiff's Motion," Docket Item No. 621; Defendants' Memorandum in Opposition to Plaintiff the Regents of the University of California's Motion for Partial Summary Judgment of Infringement and Notice of Cross-Motion and Cross-Motion for Partial Summary Judgment of Non-Infringement, hereafter, "Defendants' Motion," Docket Item No. 650.)

moving party must then identify specific facts "that might affect the outcome of the suit under the governing law," thus establishing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e).

When evaluating a motion for partial or full summary judgment, the court views the evidence through the prism of the evidentiary standard of proof that would pertain at trial. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 255 (1986). The court draws all reasonable inferences in favor of the non-moving party, including questions of credibility and of the weight that particular evidence is accorded. See, e.g. Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 520 (1992). The court determines whether the non-moving party's "specific facts," coupled with disputed background or contextual facts, are such that a reasonable jury might return a verdict for the non-moving party. T.W. Elec. Serv., 809 F.2d at 631. In such a case, partial summary judgment is inappropriate. Anderson, 477 U.S. at 248. However, where a rational trier of fact could not find for the non-moving party based on the record as a whole, there is no "genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986

The filing of cross-motions for partial summary judgment or summary judgment does not necessarily mean that the material facts are, indeed, undisputed. The denial of one motion does not necessarily require the grant of another. See Atlantic Richfiled Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1147 (10th Cir. 2000). The motions must be evaluated in accordance with the claim or defense which is the subject of the motion and in accordance with the burden of proof allocated to each party.

**B.     Infringement**

To establish infringement, every limitation in a claim as construed by the court must be in the accused product, either exactly or by substantial equivalent. Carroll Touch, Inc. v. Electro Mechanical Syst., 15 F.3d 1573, 1576 (Fed. Cir. 1993). A claim is literally infringed if the accused product is exactly the same as each element of the asserted claim. Hi-Life Products, Inc. v. American Nat'l Water-Mattress Corp., 842 F.2d 323, 325 (Fed. Cir. 1986). Even if a product does not literally infringe it may infringe under the doctrine of equivalents. Warner-Jenkinson Co. v.

3

1  Hilton Davis Chemical Co., 520 U.S. 17 (1997).  Infringement under the doctrine of equivalents

2  infringement is found where the accused product does not literally correspond to the asserted claim

3  but does function in the same way and obtain the same result as the asserted claim.  Graver Tank &

4  Mfg. Co. v. Linde Air Prods. Co., 339 U.S. 605 (1950).

5       "A determination of infringement requires a two-step analysis."  Terlep v. Brinkmann Corp.,

6  419 F.3d 1379, 1381 (Fed. Cir. 2005). First, the claim must be construed; second, the claim must be

7  compared to the "accused device or process."  Id. (citing  Carroll Touch, Inc. v. Electro Mech. Sys.,

8  Inc., 15 F.3d 1573, 1576 (Fed. Cir. 1993)).  While claim construction is an issue of law, infringement

9  is a question of fact.  Id. (citing Markman v. Westview Instruments, Inc., 52 F.3d 967, 970-71 (Fed.

10  Cir. 1995)).

11       The moving party bears the burden of proving infringement or non-infringement by a

12  preponderance of the evidence.  Mannesmann Demag Corp. v. Engineered Metal Products, Inc., 793

13  F.2d 1279, 1282 (Fed. Cir. 1986).

## III.  DISCUSSION

15       Defendants move for partial summary judgment on the ground that, under a stipulated claim

16  definition, certain of its products do not infringe the enumerated patents for two reasons.  First, the

17  same products are also accused of infringing other patents in the family which recite as an element

18  that the coils must be "pliable" or "flexible."  Defendants contend that under the stipulated

19  definitions, a coil cannot be both "pliable" and "substantially pliable."  Second, Defendants contend

20  that under the stipulated definitions, there are no material facts to support a claim that the coils meet

21  the "substantially flexible" limitation, and hence, judgment should be granted eliminating those coils

22  from those claims.  (Defendants' Motion at 12-14.)

23       Defendants' contentions highlight a dispute between the parties over the stipulated

24  definitions.  Defendants contend that Plaintiff is attempting to renege on the stipulation.

25  (Defendants' Motion at 13.)  Accordingly, the Court first must decide whether the parties stipulated

4

to constructions of several phrases in the patents-in-suit, and if so, whether to apply or reject those constructions.

**A.     The Asserted Stipulation**

Defendants contend that two years ago, Plaintiff and Defendants agreed to definitions of "substantially pliable and flexible" as "largely but not wholly pliable" and "largely but not wholly flexible." (Defendants' Motion at 12.) Defendants cite as proof of the stipulation Exhibit 20 at 5 of the "Declaration of Henry Z. Carbajal III in Support of Plaintiff's Motion for Summary Judgment of Infringement of Claim 4 of U.S. Patent No. 5,122,136 and Claims 11, 12, 13 and 16 of U.S. Patent No. 5,855,578; and Motion for Partial Summary Adjudication of Infringement on all Patents-in-Suit." (See Docket Item No. 620.) However, the subject phrases are not on page 5 of the referenced declaration and exhibit.

Instead, the stipulated definitions are in the parties' Joint Claim Construction and Prehearing Statement for Supplemental Claim Construction Hearing dated August 2, 2006. (See Ex. B, Part 1 of 2 at 5, Docket Item No. 353.) The chart is entitled, "Exhibit B: Amended Agreed Upon Construction in Joint Claim Construction" and provides, in relevant part, as follows:

| U.S. Patent No. 5,122,136 Claim Element | Terms, Phrases, or Clauses[2] | Construction Agreed Upon by Parties |
|---|---|---|
| segment and is comprised of a mental (sic) not susceptible to electrolytic disintegration within blood, and | substantially | largely but not wholly<br><br>[when used with terms like "fill," "pliable," and "flexible," as in "substantially fill," "long and substantially pliable," or "long and substantially flexible"]<br><br>significantly<br><br>[when used with regard to terms involving increasing temperature, as in "without substantially increasing the temperature"] |

---

[2] The chart contains a footnote which provides that a "term, phrase, or clause," though listed only once, may be found numerous times in the claims. (Ex. B, Part 1 of 2 at 1.)

5

1    In addition, at the hearing on the motion, Plaintiff's counsel acknowledged that Plaintiff had
2 stipulated to the definitions:
3    The Court: . . .You agree, though, that the, that the parties stipulated to the definition
4    largely but not wholly?
5    Mr. Pasahow: We did, Your Honor, no question.
6 (Tr. June 27, 2007 at 69:20-25.)
7    Accordingly, the Court finds it as established that the parties stipulated to the definition of
8 "substantially" when used with terms such as "pliable" and "flexible."
9 **B.     Applying the Stipulated Definitions**
10    Although Plaintiff has not filed a formal motion to withdraw from the stipulation with
11 respect to the word "substantially," Plaintiff made an oral motion to allow it to withdraw from the
12 stipulation. Plaintiff contends that the parties have come to a different understanding of their
13 stipulated definitions.
14    Under the Local Rules of the Court, the parties are required to exchange a list of words and
15 phrases which the parties contend should be construed by the Court. See Patent L.R. 4-1. Patent
16 Local Rule 4-3 describes the purposes of the list in litigation with respect to discovery, motions, and
17 a formal claim construction hearing conducted by the Court. During the process, the parties are
18 directed to submit a joint statement which must include "the construction of those claim terms,
19 phrases, or clauses on which the parties agree." Patent L.R. 4-3(a). After allowing discovery, the
20 Local Rules provide that the Court may conduct a hearing with respect to the claim at issue. See
21 Patent L.R. 4-6.
22    As a general matter, the Court accepts parties' stipulations to the definition of a phrase,
23 unless it appears to be erroneous as a matter of law. Patents often involve multiple claims. Thus,
24 the Court will only construe disputed words and phrases of the particular claims which are asserted
25 against a defendant. It is in the interest of judicial economy to encourage parties to stipulate to a
26 definition for purposes of advancing the case. However, the Court has inherent authority to decline
27
28                                    6

1  to accept a stipulation if it is erroneous as a matter of law.  Unless rejected by the Court, once the
2  parties have reached and relied on stipulated definitions in litigation, the Court may refuse to allow a
3  party to withdraw from the stipulation.  See Atmel Corp v. Information Storage Devices, Inc., 1998
4  WL 775115 (N.D. Cal. 1998); LG Electronics v. Q-Lity Computer, Inc., 211 F.R.D. 360, 367 (N.D.
5  Cal. 2002).

6  In this case, the Court does not find the stipulated definitions erroneous as a matter of law.
7  The essence of the stipulation is to treat the word "substantially" as less than "wholly."
8  "Substantially" is an adverb form of "substantial."  Accordingly, the oral motion to withdraw from
9  the stipulation is denied.

10  In light of this ruling, the Court examines Dr. Gary Nesbit's expert report to determine if his
11  opinion properly relies on the stipulated definition of "substantially."[3]  Dr. Nesbit, an expert in the
12  medical device field, expressed an opinion that the accused products infringe the enumerated patents
13  based on his understanding that: ". . . the term . . . 'substantially pliable' covers tips that are either
14  completely or substantially pliable."  (See Nesbit's Opening Report ¶ 93.)  The Court finds that Dr.
15  Nesbit bases his opinion on a definition of "substantially pliable and flexible" which is different
16  from the definition to which the parties have stipulated.   Accordingly, the Court strikes paragraph
17  93 of Dr. Nesbit's report; it may not be used at trial and the Court will not consider it in deciding the
18  pending motion.

19  **C.** **Defendants' Cross-Motion for Summary Judgment of Non-Infringement**

20  In the alternative, Plaintiff contends that even under the stipulated definition, there is a
21  material factual dispute as to whether the accused products meet the "substantially pliable" or
22  "substantially flexible" limitation.  (Memorandum in Opposition to Defendants' Cross-Motion for

---

[3] (Declaration of Michelle M. Umberger in Support of Memorandum in Opposition Motion for Partial Summary of Infringement and Cross-Motion for Partial Summary Judgment of Non-Infringement, hereafter, "Umberger Decl.," Ex. B, Opening Expert Report of Dr. Gary Nesbit, M.D., hereafter, "Nesbit's Opening Report," Docket Item No. 651.)

1  Partial Summary Judgment of Non-Infringement at 4-8, Docket Item No. 704.)  The Court proceeds
2  to consider the merits of Defendants' motion.

3  First, Defendants move for partial summary judgment of non-infringement on the ground that
4  the same product may not be accused of infringing claims which have mutually exclusive elements.
5  The subject matter of the invention is an endovascularly detachable tip for insertion into vascular
6  cavities to treat vascular diseases and defects.  The tips are often referred to as coils because of their
7  shape and appearance.  The claims describe the tips as follows:  In Claim 3 of the '136 patent, the tip
8  is disclosed as being "long and pliable."  In Claim 4 of the '037 Patent, the tip is disclosed as being
9  "long and flexible."  In Claim 21 of the '136 Patent and Claim 7 of the '037 Patent, the tip is
10 disclosed as "long and substantially pliable."  In Claims 17, 23 and 24 of the '578 Patent, the tip is
11 disclosed as "long and substantially flexible."  This latter language is also used with respect to the
12 tip disclosed in Claims 43, 43, 45 - 47 of the '133 Patent.

13 Apparently, in the early stages of the litigation, Defendants took the position with Plaintiff
14 that the terms "substantially pliable" must be different from "pliable," since both are used in claims
15 in the same patent.  The same contention was made with respect to "substantially flexible" and
16 "flexible."  Defendants contend that this led the parties to stipulate that "substantially pliable" means
17 "largely but not wholly pliable," and that "substantially flexible" means "largely, but not wholly
18 flexible."  Based on this history, Defendants take the position that Plaintiff may not pursue an
19 infringement claim against a single product while taking the position that it is both "not wholly
20 pliable" and "pliable."  (Defendants' Motion at 13-15.)

21 The Court finds that it is inconsistent to claim that a single product is "pliable" if that term is
22 interpreted to mean "wholly pliable" and "not wholly pliable."  Characteristics such as "pliability"
23 and "flexibility" are matters of degree.  However, if an inventor makes a distinction in its claims
24 between an apparatus which is "substantially pliable" from one which is "pliable," and in the course
25 of litigation, the patentee stipulates that "substantially pliable" means "not wholly pliable," an
26 accused product cannot meet both limitations.

Second, Defendants move for partial summary judgment on the ground that under the stipulated definition, the accused products do not infringe any claim, which includes as a limitation "substantially pliable" because its products are "pliable." A corresponding argument is made with respect to "substantially flexible." (Defendants' Motion at 14-16.) As an initial matter, prior to this motion, the Court had not been asked to define the words "pliable" or "flexible." The effect of the stipulation is to modify but not define those words. To the extent that these terms require construction, the parties must make a separate request.

Defendants submit an expert report from Dr. Guruswami Ravichandran who used a mathematical model to calculate the ranges of flexibility and pliability for the "extremely soft" coils described in the Court's Supplemental Claim Construction Order (see Order at 28-31, Docket Item No. 482). (Umberger Decl., Ex. A, Expert Report of Guruswami Ravichandran, Ph.D.) Dr. Ravichandran opines that the tips are both pliable and flexible, not substantially pliable or substantially flexible. (Defendants' Motion at 15; Umberger Decl., Ex. A ¶ 10.)

The Court finds that characteristics such as "pliability" and "flexibility" do not readily lend themselves to bright-line tests. Multiple facts dealing with the size of a component, the material out of which it is constructed, and its configuration, etc., play a part in judging whether it is "substantially pliable or flexible." Thus, Defendants' equation of "extremely soft" with "substantially flexible or pliable" is a matter of opinion; Dr. Ravichandran's mathematical model is subject to credibility and reliability challenges.

In sum, the Court GRANTS in part and DENIES in part Defendants' motion for partial summary judgment of non-infringement as follows: First Plaintiff may not proceed against any single accused tip product as infringing patent claims which include as a limitation "substantially pliable" or "substantially flexible" while simultaneously proceeding against that same tip product as infringing patent claims which include as a limitation "pliable" or "flexible," respectively. This decision does not address Plaintiff's election with respect to which patent claim or claims to pursue as to a particular accused tip product. Second, there are disputed issues of material fact with respect

1  to whether the accused products infringe the patents which include as a limitation "substantially
2  pliable" or "substantially flexible."

### IV. CONCLUSION

The Court finds that for purposes of this case, the stipulated definitions of "substantially flexible" and "substantially pliable" will apply.

Defendants' Cross-Motion for Partial Summary Judgment is GRANTED insofar as the same accused product may not be accused of infringing two patent claims which claim alternative elements as described in this Order. Within ten (10) days of this Order, Plaintiff shall notify Defendants of their amended infringement contentions.

Defendants' Cross-Motion for Partial Summary Judgment is DENIED insofar as it is grounded on a contention that the accused products do not meet the "substantially pliable" or "substantially flexible" limitations of enumerated claims.

Dated: August 21, 2007

JAMES WARE
United States District Judge

10

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Amanda Marie Kessel akessel@goodwinprocter.com
Charles G. Curtis ccurtis@hewm.com
Chien-Ju Alice Chen achen@Fenwick.Com
Christopher T. Holding cholding@goodwinprocter.com
Colin G. Sandercock csandercock@proskauer.com
David J. Harth dharth@hewm.com
Gabrielle E. Bina gbina@hewm.com
J. Anthony Downs jdowns@goodwinprocter.com
John S. Skilton jskilton@hewm.com
John S. Skilton jskilton@hewm.com
Julie Lynn Fieber jfieber@flk.com
Lynn H. Pasahow lpasahow@fenwick.com
Michael Francis Kelleher mkelleher@flk.com
Michael J. Shuster mshuster@fenwick.com
Michael K. Plimack mplimack@hewm.com
Michelle M. Umberger mumberger@hewm.com
Patrick E. Premo ppremo@fenwick.com
Roland Schwillinski rschwillinski@goodwinprocter.com
Sarah C. Walkenhorst swalkenhorst@hewm.com
Wendy Lynn Bjerknes Wbjerknes@fenwick.com

Dated: August 21, 2007                    Richard W. Wieking, Clerk

                                          By:   /s/ JW Chambers
                                                Elizabeth Garcia
                                                Courtroom Deputy