United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| The Regents of the University of California,<br><br>    Plaintiff,<br>  v.<br><br>Micro Therapeutics, Inc. and Dendron GmbH,<br><br>    Defendants.<br>_____/ | NO. C 03-05669 JW<br><br>**AUGUST 23, 2007 ORDER GRANTING DEFENDANTS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF CLAIMS 10 AND 35 OF THE '133 PATENT; AND STRIKING PORTION OF PROFFERED OPINION OF EXPERT** |

## I. INTRODUCTION

Plaintiff The Regents of the University of California ("The Regents" or "Plaintiff") brings this action against Defendants Micro Therapeutics Inc. ("MTI") and its wholly owned subsidiary Dendron GmbH (collectively, "Defendants") for infringement of twelve of The Regents' patents which relate to devices for occluding vascular cavities for the treatment of brain aneurysms.

Presently before the Court are: (1) Plaintiff's Motion for Partial Summary Judgment of Infringement of Claim 4 of the '136 Patent and Claims 11, 12, 13 and 16 of the '578 Patent and for Partial Summary Adjudication of Infringement of All Patents-in-Suit; (2) Defendants' Opposition to Plaintiff's Partial Summary Judgment Motion and Cross-Motion for Partial Summary Judgment of Non-Infringement.[1] The Court conducted a hearing on June 27, 2007. The parties have asserted

---

[1] (Plaintiff the Regents of the University of California's Notice of Motions; Motion for Summary Judgment of Infringement of Claim 4 of U.S. Patent No. 5,122,136 and Claims 11, 12, 13 and 16 of U.S. Patent No. 5,855,578; and Motion for Partial Summary Adjudication of Infringement

several grounds for finding infringement or non-infringement. This Order addresses Defendants' cross-motion for partial summary judgment of non-infringement on the ground that the accused products do not meet the element of the '133 Patent of a distal tip which is detached by applying a current for a "predetermined time period." Based on the papers submitted to date and oral arguments of counsel, the Court GRANTS Defendants' cross-motion for partial summary judgment on this ground. In addition, the Court STRIKES the proffered opinion testimony of Plaintiff's expert, Dr. Gary Nesbit. The proffered opinion contains a definition of a phrase in a patent which conflicts with the Court's construction of the phrase.

## II. STANDARDS

The Court applies the legal standards recited in the Court's August 21, 2007 Order Granting in Part and Denying in Part Defendants' Cross-Motion for Partial Summary Judgment of Non-Infringement to this Order. (See Docket Item No. 867.)

## III. DISCUSSION

### A. Claims 10 and 35 of the '133 Patent

Defendants contend that Claims 10 and 35 of the '133 Patent are not infringed because they require application of current for a predetermined time period. (Defendants' Motion at 22.)

Before addressing the merits of Defendants' contention, the Court reviews the claims and the Court's construction.

Claim 10 of the '133 Patent provides:

> The **apparatus** of claim 1 where said distal tip is detached from said wire by applying a positive direct current to said distal tip for **a predetermined time period**.

Claim 35 of the '133 Patent provides:

---

of All Patents-in-Suit, hereafter, "Plaintiff's Motion," redacted version at Docket Item No. 621; Defendants' Memorandum in Opposition to Plaintiff the Regents of the University of California's Motion for Partial Summary Judgment of Infringement and Notice of Cross-Motion and Cross-Motion for Partial Summary Judgment of Non-Infringement, hereafter, "Defendants' Motion," redacted version at Docket Item No. 650.)

2

The **method** of claim 25 where detaching said distal tip of said wire separates said distal tip from said wire by applying a positive direct current to said distal tip for **a predetermined time period**.

In its March 2, 2007 Claim Construction Order[2], the Court construed the phrase "predetermined time period" to mean:

**applying a positive direct current to the distal tip for a time period determined in advance of the initiation of the detachment process.**

### 1. The Apparatus Claim

As construed, Claim 10 is an apparatus claim with a functional limitation, i.e., Claim 10 claims as an invention an apparatus by disclosing what the apparatus is and how it functions. See Freedman Seating Co. v. Am. Seating Co., 420 F.3d 111 (Fed Cir. 2004). Claim 10 claims a distal tip [an element of the apparatus] which is detached [configured to function in a particular way] by applying current to it for a set time period [a limitation on the way the apparatus functions]. Thus, an accused product infringes Claim 10, if, in addition to satisfying each of the other elements of Claim 1, the accused product **is configured in a manner** that makes the distal tip detachable by: (1) applying positive direct current to the distal tip; (2) applying the current for a predetermined time period; and (3) during a time period in which current is applied, which is determined before the current is applied for purpose of detachment.

### 2. The Method Claim

As construed, Claim 35 is a method claim performed on an apparatus. Claim 35 is infringed by a person who disposes a wire with a separable distal tip into a body cavity for the purpose of forming an occlusion within the cavity about the tip and **who detaches the tip by**: (1) applying positive direct current to the distal tip; and by (2) applying the current for a predetermined time period; and (3) the time period during which current is applied is a time period which is determined before the initiation of detachment.

---

[2] (See Supplemental Claim Construction Order, Docket Item No. 482.)

In sum, the Court finds that the apparatus claimed in Claim 10 and the method claimed in Claim 35 of the '133 Patent require detachment of the distal tip by applying a current for "a predetermined time period."

**B.   Defendants' Cross-Motion for Summary Judgment of Non-Infringement**

Defendants move for partial summary judgment of non-infringement of Claims 10 and 35 of the '133 Patent on the ground that the distal tip of the accused devices is not detached by applying current for a predetermined time period. (Defendants' Motion at 22.)

Plaintiff bears the burden of proving infringement by a preponderance of the evidence at trial. See Mannesmann Demag Corp. v. Engineered Metal Products, Inc., 793 F.2d 1279, 1282 (Fed. Cir. 1986). In this case, Plaintiff must prove that the accused products (apparatus Claim 10) or accused processes (method Claim 35) practice each element of the asserted Claims. See Carroll Touch, Inc. v. Electro Mechanical Syst., 15 F.3d 1573, 1576 (Fed. Cir. 1993.) The issue is whether there is any evidence that Defendants' product or method practices the "predetermined time period" limitation.

The Court proceeds to examine the admissible evidence presented.

**1.   Dr. Gary Nesbit's Expert Opinion**

Plaintiff's expert, Dr. Gary Nesbit, opines that the accused products practice the "predetermined time period" limitation.[3] Dr. Nesbit states in his report:[4]

> It is my opinion that my making an advance determination to stop applying current when detachment occurs, which is what occurs in the accused devices, that the limitation is satisfied by the use of the accused devices.

(Nesbit's Opening Report ¶ 148.) Defendants object to this proffered opinion. (Defendants' Motion at 22.)

---

[3] The Court notes that Plaintiff did not cite Dr. Nesbit's opinion in its response and that it was Defendants who brought this issue before the Court.

[4] (Declaration of Michelle M. Umberger in Support of Memorandum in Opposition to Motion for Partial Summary of Infringement and Cross-Motion for Partial Summary Judgment of Non-Infringement, hereafter, "Umberger Decl.," Ex. B, Opening Expert Report of Dr. Gary Nesbit, M.D., hereafter, "Nesbit's Opening Report," Docket Item No. 651.)

4

After the Court has issued its Claim Construction Order, an expert giving opinion testimony with respect to infringement must apply the Court's claim interpretation. Moleculon Research Corp. v. C.A., Inc., 793 F.2d 1261, 1270 (Fed Cir. 1986), cert denied, 479 U.S. 1030 (1987). In this case, the Court finds that Dr. Nesbit's opinion does not comply with the Court's construction of the phrase "predetermined time period." In his opinion, Dr. Nesbit is describing a "predetermination," and equating that with "a predetermined time period." Under Dr. Nesbit's logic, a claim to a device which turns off water 5 minutes after the water is first turned on would be infringed by a device which turns off water when a bucket is full, because both devices have a mechanism for turning off the water after a condition is met. It is not predetermination which is the distinguishing limitation of Claims 10 and 35. Rather, Claims 10 and 35 claim an invention where a particular predetermination operates to terminate the application of current, namely, the passage of a predetermined period of time.

Accordingly, the Court strikes paragraph 148 of Dr. Nesbit's report; it may not be used at trial and the Court will not consider it in deciding the pending motion.

**2.     Plaintiff's Lack of Evidence**

Defendants contend that in the accused products, application of current is stopped at the point of detachment, without regard to how long current is being applied: "MTI's devices are used by physicians in a manner such that, when detachment occurs, current is discontinued." (Defendants' Motion at 22.) In doing so, Defendants acknowledge that the accused products are configured to detach the distal tip by the application of positive direct current. It is Plaintiff's burden to introduce evidence to dispute Defendants' contention.

Plaintiff presents evidence, some of which is redacted from public view, comparing actual detachment times for the accused products with the detachment time for products which practice the invention.[5] (Plaintiff's Opposition at 18-19.) In addition, Plaintiff proffers evidence of efforts by

---

[5] (Plaintiff's Opposition to Defendants' Cross-Motion for Partial Summary Judgment of Non-Infringement, hereafter, "Plaintiff's Opposition," redacted version at Docket Item No. 704.)

Defendants to shorten the time period for detachment.  (Id.)  However, Plaintiff fails to submit admissible evidence that the accused product is configured or used to detach the tip by using the passage of time as the determining factor for when the current is stopped.  Evidence of efforts to configure a device so that the period of time from the onset of current to detachment is shortened is not probative that a predetermined time period is used to cease application of current.  The Court finds that Plaintiff has failed to submit evidence which, if believed, would prove that Defendants' products or the method for suing those products practice the "predetermined time period" element of Claims 10 and 35 of the '133 Patent, respectively.

Accordingly, the Court GRANTS Defendants' Cross-Motion for Partial Summary Judgment of Non-Infringement of Claims 10 and 35 of the '133 Patent.  The Court invites Plaintiff to seek reconsideration of this Order if it has evidence that Defendants' accused products are not configured or are not used as represented.

## IV.  CONCLUSION

Defendants' Cross-Motion for Partial Summary Judgment of Non-Infringement of Claims 10 and 35 of the '133 Patent is GRANTED.

Dated: August 23, 2007

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Amanda Marie Kessel akessel@goodwinprocter.com
Charles G. Curtis ccurtis@hewm.com
Chien-Ju Alice Chen achen@Fenwick.Com
Christopher T. Holding cholding@goodwinprocter.com
Colin G. Sandercock csandercock@proskauer.com
David J. Harth dharth@hewm.com
Gabrielle E. Bina gbina@hewm.com
J. Anthony Downs jdowns@goodwinprocter.com
John S. Skilton jskilton@hewm.com
John S. Skilton jskilton@hewm.com
Julie Lynn Fieber jfieber@flk.com
Lynn H. Pasahow lpasahow@fenwick.com
Michael Francis Kelleher mkelleher@flk.com
Michael J. Shuster mshuster@fenwick.com
Michael K. Plimack mplimack@hewm.com
Michelle M. Umberger mumberger@hewm.com
Patrick E. Premo ppremo@fenwick.com
Roland Schwillinski rschwillinski@goodwinprocter.com
Sarah C. Walkenhorst swalkenhorst@hewm.com
Wendy Lynn Bjerknes Wbjerknes@fenwick.com

Dated:  August 23, 2007                           Richard W. Wieking, Clerk

                                                  By:   /s/ JW Chambers
                                                        **Elizabeth Garcia**
                                                        **Courtroom Deputy**