United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| The Regents of the University of California, | NO. C 03-05669 JW |
| Plaintiff, | **AUGUST 23, 2007 ORDER DENYING MOTION FOR SUMMARY JUDGMENT OF INVALIDITY FOR LACK OF WRITTEN DESCRIPTION SUPPORTING CLAIMS CONTAINING THE PHRASE "BODY CAVITY;" OR "DETACHING;" OR "INCREASED TENSILE STRENGTH;" AND DENYING MOTION TO SET PRIORITY DATE** |
| v. | |
| Micro Therapeutics, Inc. and Dendron GmbH, | |
| Defendants. | |

In this patent infringement action by Plaintiff, The Regents of the University of California ("The Regents" or "Plaintiff") against Defendants Micro Therapeutics Inc. ("MTI") and its wholly owned subsidiary Dendron GmbH (collectively, "Defendants"), Defendants have moved for summary judgment that enumerated patents are invalid on multiple grounds.[1] The Court conducted a hearing on June 5, 2007. The Court has chosen to address the grounds separately. This Order addresses Defendants' motion for summary judgment on the ground that particular patent claims are invalid for lack of written description for three groups of patent claims: (1) claims which use the

---

[1] (See Defendants' Motion for Summary Judgment for Invalidity of the Patents in Suit for Failure to Comply with 35 U.S.C. § 112, ¶¶ 1 and 2, hereafter, "Motion," filed under seal, redacted version at Docket Item No. 610.)

term "body cavity;"[2] (2) claims which use the word any variation of the word "detaching"[3] without a variation of the word "electrolytic;" and (3) Claim 8 of the '133 Patent with respect to "increased tensile strength."

The Court applies the legal standards with respect to invalidity for lack of written description articulated in its August 17, 2007 Order. (See Docket Item No. 852.) As stated in the August 17 Order, whether or not a patent claim is invalid for lack of a written description is a question of fact. Lizardtech Inc. v. Earth Resource Mapping, Inc., 433 F.3d 1373 (Fed. Cir. 2006); Union Oil v. Atl. Richfield Co., 208 F.3d 989, 996 (Fed. Cir. 2000).

The Court finds that Defendants have not presented clear and convincing evidence that the enumerated patents are invalid for lack of a sufficient written description. See U.S. Surgical Corp. v. Ethicon, Inc., 103 F.3d 1554, 1563 (Fed. Cir. 1997) (Generally, an issued patent enjoys a presumption of validity that can be overcome only by clear and convincing evidence of invalidity.) Based on the showing made in Plaintiff's opposition,[4] a genuine question of fact exists as to whether at the time of the original application, a person of skill in the art, reading the claims and specification, would understand that the inventors had possession of an apparatus or method for use in a "body cavity"[5] other than a vascular cavity containing blood. Similarly, the evidence proffered

---

[2] The motion is addressed to Claims 1-3, 5, 11-14, 16-20, 23-24 of the '578 Patent; Claim 1, 4-10 and 12 of the '962 Patent; Claim 1, 4-7, and 10 of the '037 Patent; Claims 1-2, and 9 of the '126 Patent; Claims 1-2 and 6 of the '963 Patent; Claims 1-6, 8, 10, 16, 20 and 25-30, 35, 37-38, and 42-47 of the '133 Patent.

[3] The motion is addressed to Claims 1, 4-7 and 10 of the '037 Patent; Claims 1-3, 5-7, and 9 of the '126 Patent; Claims 1-2, and 6 of the '963 Patent; Claims 1-3, 6, 8, and 25-27 of the '133 Patent.

[4] (See Plaintiff's Opposition to Defendants' Motion for Summary Judgment at 10-12, hereafter, "Plaintiff's Opposition," Docket No. 645.)

[5] In a Joint Claim Construction Chart, the parties stipulated to a definition of "body cavity," as the term is used in Claim 1 of the '578 Patent as follows: " any opening or passage way in the human body, including but not limited to a vascular cavity." (See Joint Claim Construction and Prehearing Statement for Supplemental Claim Construction Hearing, Ex. B, Part 1 of 2 at 5, Docket Item No. 353.)

by Plaintiff with respect to non-electrolytic detachment[6] and "increased tensile strength"[7] as used in Claim 8 of the '133 Patent raise a genuine factual dispute. Accordingly, Defendants' motion for summary judgment of invalidity on the recited grounds is DENIED.

In its August 17, 2007, the Court articulated a series of questions the answers which are designed to assist in deciding whether a patent claim is or is not invalid for lack of an adequate written description. If Defendants decide to seek leave to renew this motion, Defendants are advised that their memoranda and supporting declarations must be organized in accordance with the Court's August 17 articulation.

Defendants have also moved the Court to hold that any claim which encompasses detachment beyond electrolytic is not entitled to the benefit of the '717 Application filing date.[8] Defendants' motion is DENIED as premature.

Dated: August 23, 2007

/s/ James Ware
JAMES WARE
United States District Judge

---

[6] (See Plaintiff's Opposition at 13-14.)

[7] (See Plaintiff's Opposition at 14.)

[8] (See Motion at 24.) The Court considered the motion notwithstanding the fact that it is not properly noticed and docketed nor is it supported by legal analysis.

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Amanda Marie Kessel akessel@goodwinprocter.com
Charles G. Curtis ccurtis@hewm.com
Chien-Ju Alice Chen achen@Fenwick.Com
Christopher T. Holding cholding@goodwinprocter.com
Colin G. Sandercock csandercock@proskauer.com
David J. Harth dharth@hewm.com
Gabrielle E. Bina gbina@hewm.com
J. Anthony Downs jdowns@goodwinprocter.com
John S. Skilton jskilton@hewm.com
John S. Skilton jskilton@hewm.com
Julie Lynn Fieber jfieber@flk.com
Lynn H. Pasahow lpasahow@fenwick.com
Michael Francis Kelleher mkelleher@flk.com
Michael J. Shuster mshuster@fenwick.com
Michael K. Plimack mplimack@hewm.com
Michelle M. Umberger mumberger@hewm.com
Patrick E. Premo ppremo@fenwick.com
Roland Schwillinski rschwillinski@goodwinprocter.com
Sarah C. Walkenhorst swalkenhorst@hewm.com
Wendy Lynn Bjerknes Wbjerknes@fenwick.com

Dated:  August 23, 2007                           **Richard W. Wieking, Clerk**

                                                   **By:   /s/ JW Chambers**
                                                   **Elizabeth Garcia**
                                                   **Courtroom Deputy**