IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| The Regents of the University of California,<br><br>    Plaintiff,<br>  v.<br><br>Micro Therapeutics, Inc. and Dendron GmbH,<br><br>    Defendants.<br>_____/ | NO. C 03-05669 JW<br><br>**AUGUST 28, 2007 ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY AS INDEFINITE CLAIMS RECITING A SEVERABLE TIP "OF A WIRE" AND ALSO RECITING A TIP "COUPLED TO" A WIRE** |

In this patent infringement action by Plaintiff, The Regents of the University of California ("The Regents" or "Plaintiff") against Defendants Micro Therapeutics Inc. ("MTI") and its wholly owned subsidiary Dendron GmbH (collectively, "Defendants"), Defendants have moved for summary judgment that enumerated patents are invalid on multiple grounds.[1] The Court conducted a hearing on June 5, 2007. The Court has chosen to address the grounds separately. This Order addresses Defendants' Cross-Motion for Partial[2] Summary Judgment of Non-infringement and Invalidity on the ground of indefiniteness as to every patent claim which recite "a wire" as an element, and which recite in a subsequent element "a severable distal tip **of said wire**," but which

---

[1] (See Defendants' Motion for Summary Judgment for Invalidity of the Patents in Suit for Failure to Comply with 35 U.S.C. § 112, ¶¶ 1 and 2, hereafter, "Defendants' Motion," filed under seal, redacted version at Docket Item No. 610.)

[2] The Court denominates Defendants' Cross-Motion as one for partial summary judgment because it does not completely dispose of a claim.

1  recite still another element "a coupling **between** said distal tip **and** said wire."[3]  Defendants contend
2  that these claims are ambiguous because they are internally inconsistent:  in the first element the tip
3  is recited as **part of the wire**; in the second element, the tip is recited **as separate from the wire**,
4  albeit connected to the wire by a coupling.   Defendants contend that this inconsistency renders the
5  claims indefinite.  (Defendants' Motion 19-20.)

6  The Court applies the legal standards articulated in its July 9, 2007 Order.[4]  In particular, the
7  purpose of the definiteness requirement is to "ensure that the claims delineate the scope of the
8  invention using language that adequately notifies the public of the patentee's right to exclude."
9  Datamize, LLC v. Plumtree Software, Inc., 417 F.3d 1342, 1347. (Fed. Cir. 2005).  Claims are
10 considered indefinite when they are "not amenable to construction or are insolubly ambiguous.
11 Thus, the definiteness of claim terms depends on whether those terms can be given any reasonable
12 meaning."  Id.  Indefiniteness requires a determination whether those skilled in the art would
13 understand what is claimed.  In the face of an allegation of indefiniteness, general principles of
14 claim construction apply.   Id. at 1348.  In that regard, claim construction involves consideration of
15 primarily the intrinsic evidence, i.e., the claim language, the specification, and the prosecution
16 history.  Phillips v. AWH Corp., 415 F.3d 1303, 1314 (Fed. Cir. 2005).

17 The issue raised by Defendants is whether claims which recite that the tip is **part of the**
18 **wire** is insolubly ambiguous if those claims also recite that the tip is **connected to the wire**.  The
19 Court finds that while on their face these claims might appear to recite that the wire and its tip are in

---

[3] The structure is present in the following: Claims 1, 2, 3, 5 and 14 of the '578 Patent; Claims 2, 3, 5-7 of the '126 Patent; Claims 25-30 and 35 of the '133 Patent. Defendants also cite Claims 1 and 9 of the '126 Patent and Claims 16 or 20 of the '133 Patent because they share this same structure.  However, although these Claims recite a wire, they all recite a tip "coupled to" the wire and do not recite a tip as part "of the wire."  The Court does not regard these latter Claims as containing the allegedly ambiguous structure.  Therefore, the Court regards Defendants' motion as improper with respect to Claims 1 and 9 of the '126 Patent and Claims 16 or 20 of the '133 Patent and on that basis excludes, them from its analysis.

[4] (See Order Denying Defendants' Motion for Summary Judgment of Invalidity of the Patents-in-Suit for Failure to Comply with 35 U.S.C. Section 112, Paragraphs 1 & 2 as to the Best Mode Requirement and Indefiniteness, Docket Item No. 789.)

**United States District Court**
For the Northern District of California

1  one element **one part** ("tip of the wire") and in another element **two parts** ("tip and the wire"), the
2  apparent ambiguity is resolvable.

3  In the context of the '578 Patent, the Court has construed the word "wire" as a coined term:
4  "the term 'wire' should be understood to collectively include both guidewires and tips and simply
5  wires without distinct tip structures." (See Order Following Claims Construction Hearing; Setting
6  Case Management Conference at 5, Docket Item No. 270.) Thus, each claim must be examined to
7  determine whether the inventors are using the word "wire" to mean with or without a tip structure.

8  Accordingly, with respect to each of the challenged patents, a person of skill in the art
9  reading the intrinsic evidence would understand that each patent claim which recites a "severable tip
10 **of said wire**" or words to that effect is reciting an apparatus having a tip structure which is "**coupled
11 to**"and hence **part of the wire for purposes of deployment** and "**severable**" **from** and hence
12 **separate from the wire** for purposes of detachment. The consistency of this construction can be
13 seen from Claim 12 of the '133 Patent, which provides:

> An apparatus for use in formation of an occlusion within a body cavity comprising:
> a **wire** having at least an electrolyzable distal portion; and
> a **separable elongate tip portion of said wire coupled to and extending from said wire**, said separable elongate tip portion adapted to form said occlusion in said body cavity and being adapted for insertion within said body cavity, said separable elongate tip portion being resistant to electrolysis compared to said distal portion of said wire, said separable elongate tip portion being coupled to said wire by said electrolyzable distal portion,
> whereby occlusion of said body cavity is achieved.

19 ('133 Patent, Col. 13:37-49.) In a single element, Claim 12 recites that the elongate tip portion is
20 both **part of** the wire and **coupled to** the wire. However, a person of ordinary skill would
21 understand that the phrases "part of" and "coupled to" are reciting that the tip structure is **part of the
22 wire** for delivery into the body cavity, and is also **separate from** the wire in the sense that it is
23 separable after insertion into a body cavity.

24 In sum, Defendants have not proved by clear and convincing evidence that the challenged
25 claims are invalid for indefiniteness. The claim language and the specification make clear an
26 unambiguous meaning of the claim language. Defendants' cross-motion that the challenged claims

3

are invalid as indefinite is DENIED.  The heading of Defendants' motion recites that the motion is made on the alternative ground that the accused products do not infringe the challenged claims.  However, Defendants have failed to present any evidence to support its motion of non-infringement this ground.  Accordingly, Defendants' cross-motion is also DENIED on this ground.

Defendants' Cross-Motion for Partial Summary Judgment of Non-infringement and Invalidity for Indefiniteness of cited Claims of the '578, the '126 and the '133 Patents are DENIED.

Dated: August 28, 2007

_____
JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Amanda Marie Kessel akessel@goodwinprocter.com
Charles G. Curtis ccurtis@hewm.com
Chien-Ju Alice Chen achen@Fenwick.Com
Christopher T. Holding cholding@goodwinprocter.com
Colin G. Sandercock csandercock@proskauer.com
David J. Harth dharth@hewm.com
Gabrielle E. Bina gbina@hewm.com
J. Anthony Downs jdowns@goodwinprocter.com
John S. Skilton jskilton@hewm.com
John S. Skilton jskilton@hewm.com
Julie Lynn Fieber jfieber@flk.com
Lynn H. Pasahow lpasahow@fenwick.com
Michael Francis Kelleher mkelleher@flk.com
Michael J. Shuster mshuster@fenwick.com
Michael K. Plimack mplimack@hewm.com
Michelle M. Umberger mumberger@hewm.com
Patrick E. Premo ppremo@fenwick.com
Roland Schwillinski rschwillinski@goodwinprocter.com
Sarah C. Walkenhorst swalkenhorst@hewm.com
Wendy Lynn Bjerknes Wbjerknes@fenwick.com

Dated:  August 28, 2007                              Richard W. Wieking, Clerk

                                                     By:   /s/ JW Chambers
                                                           **Elizabeth Garcia**
                                                           **Courtroom Deputy**