IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| The Regents of the University of California, | NO. C 03-05669 JW |
|---|---|
| Plaintiff,<br>v.<br>Micro Therapeutics, Inc. and Dendron GmbH,<br>Defendants. | **ORDER RE: FINAL PRETRIAL CONFERENCE** |

In preparation for the Final Pretrial Conference, the Court orders the parties to comply with the following:

**TRIAL SCHEDULE**

| **Final Pretrial Conference (¶4 )** | **October 2, 2007[1]  at 1:30 PM** |
|---|---|
| **Joint Pretrial Conference Statement Due** | **September 24, 2007** |
| **Bench Trial Date and Sessions** | **The Court will finalize the sessions at the Final Pretrial Conference.** |

---

[1] This was previously set for September 24, 2007.  However, the Court is extending the conference by a week to give the parties sufficient time to meet and confer.

**Meet and Confer Requirement**

1. The parties shall immediately meet and confer with respect to the Joint Pretrial Conference Statement, submission of a joint list of witnesses, a joint list of trial exhibits and a joint list of discovery material which each party intends to offer in evidence as a part of its case-in-chief. Unless objections are made in accord with this Order, all witnesses, exhibits and discovery material contained on the joint submission shall be deemed admissible into evidence by stipulation.

**Objections and Lodging Disputed Material with the Court**

2. If a party objects to receipt into evidence of a witness, exhibits or discovery response, the party shall advise all opposing parties during the conference described in paragraph 1, and attempt to resolve the dispute. If the parties are unsuccessful in resolving the dispute, any party wishing to object to receipt of the testimony of any witness, any exhibit or discovery response into evidence shall lodge with Chambers a copy of the disputed material at the commencement of trial. Attached to the submission shall be a brief statement of the objection and any response by the proffering party. The Court will indicate on the submitted copy whether the objection is overruled or sustained and return the material to counsel.

**Lodging Joint Pretrial Conference Statement**

3. Pursuant to the date set forth in the Case Schedule, the parties shall file and lodge with Chambers the following:

> a. Joint Pretrial Conference Statement: The parties shall file a joint pretrial statement which shall contain the following information: (1) a brief description of the substance of claims and defenses which remain to be decided; (2) the materials described in Paragraph 1 above; (3) a plain and concise statement of all relevant facts not reasonably disputable, as well as which facts the parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits; (4) a plain and concise statement of all disputed factual issues which remain to be decided; (5) without extended legal argument, a concise statement of each

2

disputed point of law concerning liability or relief, citing supporting statutes and decisions.

### Final Pretrial Conference

4.  The Court will conduct a Final Pretrial Conference on the date set forth in the Case Schedule.  The trial attorneys must attend the conference.  At the final pretrial conference the Court will consider issues raised in the Final Pretrial Conference Statement, motions *in limine* and discuss the procedures for trial of the case.

### Lodging Witness Lists,  Exhibit Lists

5.  At the Final Pretrial Conference, the parties shall lodge with Chambers the joint list of  witnesses, and a joint list of exhibits.  Unless otherwise ordered, all exhibits shall be in a format compatible with either the video or digital evidence presentation system utilized by the Court.  During the trial, the proffering party shall retain custody of all exhibits, schedules, summaries, diagrams or charts which are received in evidence.  The documents shall be placed at the ready disposal of opposing counsel for use during trial proceedings.

6.   Upon request, in noncomplex cases the court will excuse the parties from using electronic formatted documents.  In that event on the first day of trial, the parties shall submit exhibits as follows:

   a. A copy for the trial judge;

   b. A copy for the witness stand.

   c. No duplicates of a document shall be submitted, unless the duplicate copy has independent evidentiary value to prove some disputed issue of material fact (e.g., date stamp to prove receipt on a particular date, where date of receipt is a disputed issue of a material fact).

### Proposed Findings (Nonjury Trials)

7.   In nonjury trials, on the first day of trial, each party shall submit its proposed findings of fact and conclusions of law.

3

**Bench Trial Schedule**

8.      The time allowed for trial shall be divided equally between the plaintiff's side and the defendant's side. Co-parties are ordered to meet, confer and agree to an allocation among themselves. A party may spend its allocated time presenting its own case or on cross-examination of witnesses called by other parties or for presentation of a counterclaim. When a party's allocated time period has expired, unless otherwise ordered for good cause shown, no further time will be allowed to that party if it would interfere with the ability of the opposing party to present its case.

**Trial Procedure**

9.      In opening statements, counsel shall not express personal knowledge or opinion concerning any matter in issue.

10.     Counsel must question witnesses from the podium, using the microphone. Without requesting permission, counsel may approach witnesses for any proper purposes.

11.     Address all remarks to the Court, not to opposing counsel.

12.     Refer to all persons, including witnesses, other counsel and the parties by their surnames and not by their first or given names.

13.     In examining a witness, counsel shall not repeat or echo the answer given by the witness.

14.     <u>Counsel must stand when making an objection.</u>

15.     Conferences at the bench or sidebar are not favored by the Court. Any sidebar conferences which are allowed will be off the record. If any counsel wishes to place matters on the record, he or she may so request, and the Court will make a responsive order.

16.     Counsel have full responsibility to arrange for the appearance of witnesses during the presentation of their case so as to eliminate delay caused by waiting for witnesses who have been placed on call by counsel.

17.     Unless an agreement to the contrary is entered into by opposing counsel, all nonparty or nonexpert witnesses will be excluded from the courtroom when not testifying. When a

4

witness has completed his or her testimony, the witness is excused unless counsel indicates that he or she wishes the witness to remain subject to being recalled.  Any witness who has been excused from further testimony may remain as a spectator.  It will be the responsibility of counsel to make an announcement at the time the witness steps down that he or she should remain in the environs of the Court for a reasonable time to permit such counsel an opportunity to secure and serve a subpoena upon the witness and assume responsibility for his or her per diem and other expenses as provided by governing rule or statute.

18. Counsel shall admonish all persons at counsel table that gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are prohibited.

19. Witness examination shall consist of direct examination, cross-examination and re-direct examination.  No recross-examination will be allowed without prior approval of the Court specifically indicating the area for recross-examination.  When there are multiple defense counsel, they are directed to confer and designate to the Court the sequence in which they wish to be recognized during trial for purposes of presenting opening statements and conducting cross-examination of witnesses.  If one counsel conducts the direct examination of a witness, that same counsel must make objections when the witness is cross-examined.  Counsel who will conduct the cross-examination should object while the witness is on direct.

20. After the commencement of trial testimony, upon request of co-parties, any objection, motion or other application for relief made by any co-party, orally or in writing, shall be deemed to be adopted and joined in by every other co-party, without announcement by counsel to that effect, and the rulings of the Court shall be deemed applicable to each party unless otherwise stated at the time the ruling is made.  Accordingly, it shall be regarded as unnecessary and improper for counsel to rise to "join in" an objection or motion.  Rather, counsel should rise to be heard only for the purpose of expressly opting out of an objection or motion if that is his or her position.

1      21.     Counsel are directed to deliver to opposing counsel at the end of each trial day (if not earlier) a list of witnesses counsel anticipates calling the next trial day.

22.     Counsel calling a non-client witness to testify should have no further discussions with that witness concerning the case or any aspect of his or her testimony after the witness has been tendered for cross-examination and until such time as the witness has been tendered back for redirect examination. At all other times, within the bounds of governing ethics and the law, counsel may engage in discussions with witnesses during trial.

23.     Any time taken away from presentation of evidence to the trier of fact due to, for example, lengthy legal motions made during the time allocated to the presentation of evidence, or delays in the commencement of proceedings due to circumstances within the control of counsel, will be deducted from the time allocated for the presentation of evidence. Upon timely application based upon good cause, the Court may relieve a party of its stipulation to the agreed schedule.

24.     It is the practice of the Court periodically to inform counsel of the Court's record of how much time each side has remaining for the presentation of evidence based upon the stipulated trial schedule.

### Daily Trial Transcript

25.     Any counsel desiring daily or expedited transcripts during trial should make immediate arrangements with the court reporter and should inform the Court and other counsel of such intentions..

Dated: September 12, 2007

_____
JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Amanda Marie Kessel akessel@goodwinprocter.com
Charles G. Curtis ccurtis@hewm.com
Chien-Ju Alice Chen achen@Fenwick.Com
Christopher T. Holding cholding@goodwinprocter.com
Colin G. Sandercock csandercock@proskauer.com
David J. Harth dharth@hewm.com
Gabrielle E. Bina gbina@hewm.com
J. Anthony Downs jdowns@goodwinprocter.com
John S. Skilton jskilton@hewm.com
John S. Skilton jskilton@hewm.com
Julie Lynn Fieber jfieber@flk.com
Lynn H. Pasahow lpasahow@fenwick.com
Michael Francis Kelleher mkelleher@flk.com
Michael J. Shuster mshuster@fenwick.com
Michael K. Plimack mplimack@hewm.com
Michelle M. Umberger mumberger@hewm.com
Patrick E. Premo ppremo@fenwick.com
Roland Schwillinski rschwillinski@goodwinprocter.com
Sarah C. Walkenhorst swalkenhorst@hewm.com
Wendy Lynn Bjerknes Wbjerknes@fenwick.com

Dated:  September 12, 2007                              Richard W. Wieking, Clerk

                                                        By:   /s/ JW Chambers
                                                              Elizabeth Garcia
                                                              Courtroom Deputy